## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | | |
|---|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MANOJ KAMAL,<br><br>and<br><br>SANDEEP BEDI, Administrator of the ESTATE OF TEENA KAMAL,<br><br>Defendants. | | CIVIL ACTION NO.<br><br><br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff, Genworth Life and Annuity Insurance Company ("Genworth"), hereby files this Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, against Defendants Manoj Kamal ("Manoj") and the Estate of Teena Kamal (the "Estate") (collectively, "Defendants").

## **INTRODUCTION**

1. This is an interpleader action in which Genworth seeks a determination from the Court regarding the proper beneficiary of the proceeds payable on a term life insurance policy issued by Genworth on the life of now-deceased Teena Kamal ("Ms. Kamal").

**PARTIES**

2.      Genworth is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Richmond, Virginia. Genworth is, therefore, a citizen of Virginia.

3.      Manoj is an adult citizen of the Commonwealth of Massachusetts residing at 9 Wimbledon Circle, Waltham, Massachusetts, 02451, and is subject to the jurisdiction of this Court.

4.      Pursuant to an Order of the Commonwealth of Massachusetts, The Trial Court, Norfolk Probate and Family Court, dated January 18, 2024, Sandeep Bedi ("Sandeep") was appointed the Special Personal Representative of the Estate. Letters of Authority were issued March 28, 2024. The Estate is deemed to be a citizen of the Commonwealth of Massachusetts under 28 U.S.C. § 1332(c)(2).

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 insofar as the interpleader relief sought relates to a life insurance policy issued by Genworth with a benefit payable in an amount greater than $75,000, and there is complete diversity of citizenship between Genworth and Defendants.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1397 because at least one of the Defendants is domiciled in this judicial district.

**FACTUAL BACKGROUND**

7.      On or about December 8, 2006, First Colony Life Insurance Company issued a level premium term life insurance policy no. 9814464 (the "Policy") on the life

2

of Ms. Kamal which provides for a death benefit in the amount of $1,250,000 (the "Proceeds"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.[1]

8.      Ms. Kamal was the insured and owner of the Policy. *See* Ex. A, p. 3, and Application, p. 1.

9.      On the application for the Policy, Ms. Kamal designated her husband, Rakesh Kamal ("Rakesh"), as the primary beneficiary, and Arianna Kamal ("Arianna"), her daughter, as the contingent beneficiary. *See* Ex. A, Application.

10.     The Policy provides that the "designations of Owner and Beneficiary are as shown in the application or a notice of change that has been received at the home office in a form acceptable to the Company." *See* Ex. A, p. 2.

11.     The Policy further states that the "interest of a beneficiary terminates if that beneficiary dies or ceases to exist before the Insured dies. If no beneficiary survives or is in existence at the Insured's death, payment will be made to the Owner or the Owner's estate or successors." *Id.*

12.     Ms. Kamal was a resident of Massachusetts at the time the Policy was issued.

13.     Effective January 1, 2007, First Colony Life Insurance Company merged with and into Genworth, causing Genworth to assume the obligations and servicing of the Policy.

---

[1]All exhibits have been redacted to protect confidential personal information.

14.     On or about December 24, 2023, a facsimile was sent to Genworth attaching a beneficiary designation request purportedly signed by Ms. Kamal on December 20, 2023. A true and correct copy of the December 2023 Beneficiary Designation Request is attached as **Exhibit B**.

15.     The December 2023 Beneficiary Designation Request designates Rakesh and Arianna as equal primary beneficiaries and Manoj, Ms. Kamal's brother-in-law, as the contingent beneficiary. *See* Ex. B.

16.     On or about December 28, 2023, Ms. Kamal died. The death certificate identified the manner of death as "homicide." A copy of the Ms. Kamal's Certificate of Death can be made available to the Court and parties upon request.

17.     As a result of Ms. Kamal's death, the Proceeds may be payable.

18.     At the time of Ms. Kamal's death, the Policy was owned by Ms. Kamal with Rakesh and Arianna as equal primary beneficiaries.

19.     At the time of Ms. Kamal's death, the contingent beneficiary was her brother-in-law, Manoj.

20.     On or about December 28, 2023, Arianna died. The death certificate identified the manner of death as "homicide." A copy of Arianna's Certificate of Death can be made available to the Court and parties upon request.

21.     On or about December 28, 2023, Rakesh died. The death certificate identified the manner of death as "suicide." A copy of Rakesh's Certificate of Death can be made available to the Court and parties upon request.

22.     On or about January 4, 2024, Manoj notified Genworth of Ms. Kamal's death.

23.     Genworth has received a Proof of Loss Claimant Statement – Life Insurance from Manoj. A true and correct copy of the Proof of Loss Claimant Statement dated January 17, 2024 is attached as **Exhibit C**.

24.     Genworth has also received correspondence from Sandeep, Ms. Kamal's brother, on behalf of the Estate raising concerns related to the death of Ms. Kamal and Arianna, as well as the December 2023 Beneficiary Designation Request.

25.     Upon information and belief, the investigation into the death of Ms. Kamal remains open.

26.     Massachusetts' law prohibits a beneficiary from profiting from intentional and wrongful or illegal acts which result in the death of an insured. *See United Benefit Life Ins. Co. v. Brady*, 443 F.Supp. 762 (D. Mass. 1978).

27.     Massachusetts' law provides that, unless the governing instrument contains language dealing explicitly with simultaneous deaths, "for purposes of a donative provision in a governing instrument, an individual who is not established to have survived an event, including the death of another individual, is deemed to have predeceased the event." Mass. Gen. Laws ch. 190B § 2-702.

28.     Upon information and belief, Ms. Kamal, Arianna and Rakesh died simultaneously and therefore, under Massachusetts' law are deemed to have predeceased Ms. Kamal. *See also* Surviving Spouse, Children, Heirs at Law form filed in the Estate proceeding, a copy of which is attached as **Exhibit D**.

## CLAIM FOR INTERPLEADER

29.     Genworth hereby incorporates by reference each of the averments in the above paragraphs as if set forth herein at length.

30.     In light of the pending investigation into the circumstances surrounding the death of Ms. Kamal and concerns related to the December 2023 Beneficiary Designation Request, Genworth, who is an innocent and disinterested stakeholder, is unable to determine which individual or entity may be entitled to the Proceeds.

31.     Based on potentially conflicting claims to the Proceeds, Genworth faces the threat of multiple litigation and multiple liability.

32.     There is presently an actual, justiciable controversy between Defendants as to their respective rights to the Proceeds.

33.     Genworth seeks, by way of this interpleader claim, certainty regarding the parties' respective rights to receive the Proceeds.

34.     Genworth is an innocent party that wishes to distribute the Proceeds to the appropriate party.

35.     Genworth is prepared to pay the Proceeds into the Registry of the Court, upon issuance of an order permitting Genworth to deposit the Proceeds.

36.     Unless the potentially conflicting claims to the Proceeds are disposed of in a single proceeding pursuant to an appropriate court order, Genworth may be subject to multiple litigation and is at a substantial risk of suffering duplicate or inconsistent rulings as to its liability for the Proceeds.

37.     Genworth is entitled to an order enjoining Defendants, and anyone directly or indirectly acting on their behalf, from prosecuting any action against Genworth regarding payment of the Proceeds.

38.     Genworth should be discharged as a disinterested stakeholder and should recover its attorneys' fees and costs incurred in this interpleader action.

39.     Genworth files this interpleader action in good faith, without collusion of any of the parties named herein, and for the sole purpose of determining the conflicting claims of Defendants, and of Genworth's rights and obligations.

40.     By bringing this interpleader action, Genworth does not waive, and Genworth expressly reserves, the right to defend any claims that might be asserted against it, if any.

## **RELIEF REQUESTED**

**WHEREFORE**, Genworth Life and Annuity Insurance Company respectfully requests that a judgment of interpleader be entered in its favor and that:

A.     The Court order Defendants to interplead and resolve between themselves their respective rights and claims to the Proceeds in this action without further involvement of Genworth;

B.     The Court enjoin and retrain Defendants, their agents, attorneys or assigns, from commencing or further prosecuting any other proceedings in any state or United States Court against Genworth on account of the Policy, the December 2023 Beneficiary Designation Request, and/or the Proceeds;

C.     The Court permit Genworth to deposit the Proceeds under the Policy into the Registry of the Court, and that the Court resolve the rights and claims to said Proceeds;

D.      The Court direct and declare the respective rights of Defendants with respect to the Proceeds, and direct and declare to whom the Proceeds should be made;

E.      Genworth be fully and finally discharged and dismissed from this litigation and any and all liability in connection with, arising out of, or related to the Policy, the December 2023 Beneficiary Designation Request, and the Proceeds;

F.      Genworth be awarded its attorneys' fees, disbursements, and all other proper costs and charges incurred in connection with this action to be deducted from the Proceeds; and

G.      The Court award such other and further relief as it may deem just and proper.


Respectfully submitted,
**GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,**
By its attorneys,


_____
Matthew C. Welnicki, Esq., BBO# 647104
mcwelnicki@kslegal.com
KENNEY & SAMS, P.C.
144 Turnpike Road
Southborough, Massachusetts 01772
Tel: (508) 490-8500
Date: April 2, 2024      Fax: (508) 490-8501