EXHIBIT "A"

# Genworth Life and Annuity Insurance Company

**MERGER ENDORSEMENT**

In accordance with the merger of First Colony Life Insurance Company with and into Genworth Life and Annuity Insurance Company, effective January 1, 2007, and pursuant to the necessary regulatory approval, your life insurance company is now Genworth Life and Annuity Insurance Company (the "Company"). The Company's administrative address and telephone number are:

> **Genworth Life and Annuity Insurance Company**
> **3100 Albert Lankford Drive**
> **Lynchburg, VA 24501-4948**
> **888 436.9678**

No terms, conditions or benefits of your contract, policy or certificate have changed, and all rights and obligations therein are those of the Company. All servicing of your contract, policy or certificate will be done by the Company or its affiliated representatives. All references to First Colony Life Insurance Company in your policy/certificate are now changed to Genworth Life and Annuity Insurance Company.

**This endorsement is part of and should be attached to your policy/certificate. All premium payments, correspondence, inquiries or complaints should be mailed to the Company at the above address.**

If you have any questions, you may call or write the Company.

For Genworth Life and Annuity Insurance Company,

Pamela S. Schutz
President

Thomas E. Duffy
Secretary

MERGERENDFCL

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504



## POLICY SUMMARY

This is a summary of some of the important features of the policy. It is not a part of the policy. Only the actual policy provisions will control. Read the policy. In it will be found further details and other benefits, rights, privileges, and conditions.

The policy provides term insurance. The amount of insurance may vary during the term period as shown in the Schedule.

We will pay the Beneficiary the amount of the death proceeds if the Insured dies while the policy is in force. See the Amount of the Death Proceeds section.

To keep the policy in force, premiums must be paid in accordance with the Premium Payments section. Premiums for the policy are shown in the Schedule. The nonguaranteed nature of the premium is explained in the Schedule.

A grace period of 31 days is allowed for payment of each premium after the first one. If a premium is not paid by the end of the grace period, the policy will terminate as of the date to which premiums were paid.

If the policy terminates in accordance with the Grace Period section, it may be reinstated subject to certain requirements. See the Reinstatement section.

The Owner of the policy is shown in the Schedule. The Owner has all rights stated in the policy.

Any riders attached to the policy are shown in the Schedule.

*David H. McMahon*

Secretary

PS-1420

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504

A Stock Company

Will pay the Beneficiary the death proceeds as defined in this Policy. Payment will not be made until all of the following have been received at the home office:

- this Policy;
- due proof that the Insured died prior to the Expiry Date while this Policy was in force;
- a written claim for the death proceeds completed on a form supplied by the Company; and
- an authorization from the Insured's next of kin or from any other authorized person, on a form supplied by the Company, that will allow the Company to obtain and disclose information concerning the Insured.

Any payment is subject to the provisions on this page and on the following pages.

The consideration for this Policy is the application and payment of the Total Initial Premium shown in the Schedule on or before policy delivery.

The Owner may return this Policy within 20 days after its delivery by taking it or mailing it to the Company or to any agent of the Company. Immediately upon delivery or mailing, this Policy will be deemed void from the beginning. Any premium paid will be returned.

Signed at the home office at 700 Main Street, Lynchburg, Virginia, on the Date of Issue.

President                                          Secretary

NOT AN ORIGINAL

**TERM LIFE POLICY**
See Schedule for Premiums and Amounts of Insurance
Premiums Payable during Insured's Lifetime as Shown in Schedule
Premium Subject to Change
But Will Not Exceed Specified Maximum Premium
Insurance Payable at Death prior to Expiry Date
Amounts of Insurance May Vary as Shown in Schedule
Nonparticipating - No Dividends

Insured  **TEENA KAMAL**                    **SEE ENDORSEMENT**   Policy Date

Policy Number  **9,814,464**                    **NOVEMBER 28, 2006**   Date of Issue

Form No. 1420-13 (96)

## GENERAL PROVISIONS

**THE CONTRACT**

The entire contract consists of the following:
- this Policy, including any applicable endorsements and riders;
- the application;
- any supplemental application; and
- any application for reinstatement.

An application includes all sections and forms the Company has designated as parts of the application. The application is evidenced by the copy that was attached to this Policy at issue or delivery. Any supplemental application or application for reinstatement will be evidenced by the copy sent to the Owner for attachment to this Policy following Company approval. For purposes of this section, any applications sent to the Owner will be considered to have been attached to this Policy at issue or delivery.

All statements made in an application are deemed representations and not warranties. No statement will void this Policy or be used in defense of a claim unless it is contained in an application attached to, or considered to have been attached to, this Policy when issued or delivered.

Only the President, a Senior Vice President, or the Secretary of the Company can change or waive any provision of this Policy. Any change or waiver must be made in writing.

**POLICY DATE**

Policy anniversaries, policy years, policy months, and Premium Due Dates are measured from the Policy Date. The first policy year begins on the Policy Date. Subsequent policy years begin on the same date each year thereafter. A policy anniversary occurs at the beginning of each policy year after the first policy year. If this policy is backdated, the Policy Date will be no more than six months prior to the date of the original application.

The first policy month begins on the Policy Date. Subsequent policy months begin on the same day of the month as the Policy Date.

**OWNER AND BENEFICIARY**

The designations of Owner and Beneficiary are as shown in the application or a notice of change that has been received at the home office in a form acceptable to the Company. The designation of Contingent Owner is as shown in the application or as subsequently elected by the Owner in a written notice received at the home office in a form acceptable to the Company. If the Insured becomes the Owner, any designation of Contingent Owner is void.

The Owner has all rights stated in this Policy. The Owner may amend this Policy during the Insured's lifetime with the Company's consent. The rights of the Owner are subject to the rights of an irrevocable beneficiary.

If the Owner is other than the Insured and the Owner dies during the Insured's lifetime, all rights of the Owner vest in the Contingent Owner, if living or in existence, and the Contingent Owner becomes the Owner. If the Contingent Owner is not alive or not in existence at the Owner's death, all ownership rights vest in the Owner's estate or successors.

The interest of a beneficiary terminates if that beneficiary dies or ceases to exist before the Insured dies. If no beneficiary survives or is in existence at the Insured's death, payment will be made to the Owner or the Owner's estate or successors.

**CHANGE OF OWNER AND BENEFICIARY**

The Owner may change the designations of Owner, Contingent Owner, and Beneficiary during the Insured's lifetime. Any change is subject to the consent of an irrevocable beneficiary. If the designation of Owner is changed, any existing revocable Beneficiary designations and any Contingent Owner designation are automatically revoked; however, any existing irrevocable Beneficiary designation will be revoked only with that Beneficiary's consent.

Written notice of change of the Owner, Contingent Owner, and Beneficiary must be received at the home office in a form acceptable to the Company. The new designation will then take effect as of the date the Owner signed the notice. Such a change does not affect any payment made or other action taken by the Company before the notice is received.

# S C H E D U L E

This Policy is a legal contract between the Owner and First Colony Life Insurance Company.

## READ YOUR POLICY CAREFULLY.

### TABLE OF CONTENTS

Page

**Schedule — General Policy Information**  ................................................................  **3**
**Schedule — Table of Premiums and Amounts of Insurance**  ......................................  **4**

**GENERAL PROVISIONS**
The Contract  ...........................................................................................  2
Policy Date  ............................................................................................  2
Owner and Beneficiary  ..............................................................................  2
Change of Owner and Beneficiary  ................................................................  2
Assignment  ............................................................................................  5
Misstatement  .........................................................................................  5
Suicide  .................................................................................................  5
Incontestability  ......................................................................................  5
Payment of Proceeds  ...............................................................................  5
Amount of the Death Proceeds  ...................................................................  5
Nonparticipating  ....................................................................................  5

**PREMIUM PROVISIONS**
Premium Payments  ..................................................................................  5
Refund of Premium  ..................................................................................  6
Grace Period  ..........................................................................................  6
Reinstatement  ........................................................................................  6

**EXCHANGE PROVISION**
Exchange Option  .....................................................................................  6A

**NONFORFEITURE PROVISIONS**
Nonforfeiture Options  ..............................................................................  6C
Basis of Values  .......................................................................................  6C

**POLICY LOANS**
Cash Loan  ..............................................................................................  6C, 6D
Automatic Premium Loan Option  .................................................................  6D
Deferral  ................................................................................................  6D
Interest and Repayment  ............................................................................  6D

**TABLE OF NONFORFEITURE VALUES**  .......................................................  **6E**

**SETTLEMENT OPTIONS**
General Provisions  ...................................................................................  7
Death of Payee  .......................................................................................  7
First Installment  .....................................................................................  7
Interest  ................................................................................................  7
Option 1 — Fixed Period  ...........................................................................  7
Option 2 — Life Income with Installments Certain  ...........................................  7
Option 3 — Interest  .................................................................................  7
Option 4 — Fixed Installments  ....................................................................  7
Option 5 — Single Premium Annuity  .............................................................  7
Other Settlement Options  ..........................................................................  7
Option 1 Table  .......................................................................................  8
Option 2 Table  .......................................................................................  8

## S C H E D U L E

| Benefit | Annual Premium | Premium Period |
|---|---|---|
| Level Term Life Base Policy | $ 987.50* | 30 YEAR(S) |

*Subsequent premiums are shown in the section of this Schedule entitled Table of Premiums and Amounts of Insurance.

Expiry Date NOVEMBER 28, 2067  (No insurance will be provided under this Policy on or after this date.)

NOVEMBER 28, 2036 Exchange Date

*Premium Due Dates 28TH DAY OF EACH MONTH

Beneficiary AS DESIGNATED IN THE APPLICATION OR AS SUBSEQUENTLY CHANGED BY THE OWNER

PREFERRED BEST Premium NO NICOTINE USE Classification

Owner AS DESIGNATED IN THE APPLICATION OR AS SUBSEQUENTLY CHANGED BY THE OWNER

Age Nearest 37 F Birthday

Insured TEENA KAMAL

9,814,464 Policy Number

SEE ENDORSEMENT    Policy Date

Total Initial Premium $86.41

NOVEMBER 28, 2006 Date of Issue

*Please note that, if a Premium Due Date falls on the 29th, 30th or 31st of a month that does not contain one of these dates, the premium due date will be the first day of the following month.

Form No. 1420-S-30 (LT)(REV.8/00)       3

S C H E D U L E  *CONTINUED*  Pol No  9,814,464

Table of Premiums and Amounts of Insurance

Premiums

The Annual Premium is the annual premium the Company anticipates will be payable at the beginning of the policy year. The premiums payable are subject to change, but the annual premium payable for a policy year will never exceed the Maximum Annual Premium shown in this Table for that year.

Any change in premium will be due to the Company's re-evaluation of expected future mortality, interest, expenses, or persistency. The Company's past experience will not be a factor in any change in premium.

Change will be applied uniformly to a class of insureds. Class will be determined by the following: issue age and sex, premium classification, amount of insurance, and/or the number of years the insurance has been in force. The Company will mail notice of any change in premium. Premiums will not be changed more than once a year. A change will not affect the nonforfeiture values.

The deterioration of the Insured's health will not cause a change in the premium or the premium classification.

Rider premiums and the Policy Fee referenced below are included in the premiums.

| Policy Year | Annual Premium | Maximum Annual Premium | Policy Year | Annual Premium | Maximum Annual Premium |
|---|---|---|---|---|---|
| 1 $ | 987.50 | 987.50 | 26 $ | 987.50 | 987.50 |
| 2 | 987.50 | 987.50 | 27 | 987.50 | 987.50 |
| 3 | 987.50 | 987.50 | 28 | 987.50 | 987.50 |
| 4 | 987.50 | 987.50 | 29 | 987.50 | 987.50 |
| 5 | 987.50 | 987.50 | 30 | 987.50 | 987.50 |
| 6 | 987.50 | 987.50 | 31 | 4,400.00 | 41,075.00 |
| 7 | 987.50 | 987.50 | 32 | 7,800.00 | 44,700.00 |
| 8 | 987.50 | 987.50 | 33 | 11,212.50 | 48,575.00 |
| 9 | 987.50 | 987.50 | 34 | 14,612.50 | 53,050.00 |
| 10 | 987.50 | 987.50 | 35 | 18,025.00 | 58,400.00 |
| 11 | 987.50 | 987.50 | 36 | 21,425.00 | 65,025.00 |
| 12 | 987.50 | 987.50 | 37 | 24,137.50 | 73,100.00 |
| 13 | 987.50 | 987.50 | 38 | 27,337.50 | 82,600.00 |
| 14 | 987.50 | 987.50 | 39 | 31,137.50 | 93,350.00 |
| 15 | 987.50 | 987.50 | 40 | 35,587.50 | 105,150.00 |
| 16 | 987.50 | 987.50 | 41 | 40,825.00 | 117,825.00 |
| 17 | 987.50 | 987.50 | 42 | 46,925.00 | 131,375.00 |
| 18 | 987.50 | 987.50 | 43 | 53,975.00 | 146,175.00 |
| 19 | 987.50 | 987.50 | 44 | 62,025.00 | 162,850.00 |
| 20 | 987.50 | 987.50 | 45 | 70,337.50 | 181,950.00 |
| 21 | 987.50 | 987.50 | 46 | 79,550.00 | 204,025.00 |
| 22 | 987.50 | 987.50 | 47 | 89,687.50 | 229,450.00 |
| 23 | 987.50 | 987.50 | 48 | 100,775.00 | 257,625.00 |
| 24 | 987.50 | 987.50 | 49 | 118,487.50 | 288,500.00 |
| 25 | 987.50 | 987.50 | 50 | 157,437.50 | 321,500.00 |

S C H E D U L E  *CONTINUED*      Pol No  9,814,464

Premiums (continued)

| Policy Year | Annual Premium | Maximum Annual Premium |
|---|---|---|
| 51 | $ 210,162.50 | $ 356,825.00 |
| 52 | 248,575.00 | 394,075.00 |
| 53 | 283,400.00 | 433,825.00 |
| 54 | 340,837.50 | 476,025.00 |
| 55 | 359,750.00 | 521,500.00 |
| 56 | 378,337.50 | 571,550.00 |
| 57 | 396,525.00 | 628,550.00 |
| 58 | 414,162.50 | 698,325.00 |
| 59 | 505,712.50 | 793,350.00 |
| 60 | 551,162.50 | 939,400.00 |
| 61 | 596,025.00 | 1,009,362.50 |



Modal Premium Factors and Annual Percentage Rates(APR) where payment is made other than annually:

| | Modal Factors | APR |
|---|---|---|
| Semiannually | .51 | 8.2% |
| Quarterly | .26 | 10.8% |
| Monthly Bank Draft | .0875 | 10.8% |

Policy Fee:  Not to exceed $50 annually; included within the above premium amounts.

Form No. 1420-S-30 (LT) (REV.8/00)      4A

S C H E D U L E  *CONTINUED*      Pol No  9,814,464

## Amounts of Insurance

The Amount of Insurance is the amount provided by the base policy.  It remains level throughout the Period shown.

| Period | Amount of Insurance |
|---|---|
| Policy Years 1 - 61 | $ 1,250,000 |

**GENERAL PROVISIONS (Continued)**

**ASSIGNMENT**

The Company is not responsible for the validity or effect of any assignment of this Policy. No assignment will bind the Company until it is received at the home office.

**MISSTATEMENT**

If the Insured's age or sex is misstated, the Company will adjust the proceeds to that amount which the premiums paid would have purchased based on the correct information.

"Attained age" is the age shown in the Schedule plus the number of whole years elapsed from the Policy Date.

**SUICIDE**

If the Insured, while sane or insane, dies by suicide within two years after the Date of Issue shown in the Schedule, the death proceeds under this Policy will be an amount equal to the premiums paid less the loan balance as of the date of death.

**INCONTESTABILITY**

With respect to statements made in the application, this Policy is not contestable after it has been in force during the Insured's lifetime for a period of two years beginning with the Date of Issue shown in the Schedule. With respect to statements made in an application for reinstatement, this Policy is not contestable after it has been in force during the Insured's lifetime for a period of two years beginning with the date of reinstatement.

This provision does not apply to any rider providing additional benefits.

**PAYMENT OF PROCEEDS**

The proceeds will be paid from the home office. This Policy must be returned to the Company. Unless a settlement option is elected, the proceeds will be paid in one sum.

**AMOUNT OF THE DEATH PROCEEDS**

The proceeds payable at the death of the Insured will be:
- the amount of insurance applicable on the date of the Insured's death; less
- any premium required to keep this Policy in force to the end of the policy month of death; less
- the loan balance as of the date of death.

The portion of the premium paid for the period beyond the end of the policy month of death will be paid in addition to the death proceeds.

The death proceeds will be adjusted due to any of the following:
- a successful contest of this Policy in accordance with the Incontestability section;
- misstatement as explained in the Misstatement section; and
- death during the grace period.

If the Insured dies by suicide, the amount of the death proceeds may be determined in accordance with the Suicide section.

**NONPARTICIPATING**

This Policy does not share in any distribution of surplus. No dividends are payable.

**PREMIUM PROVISIONS**

**PREMIUM PAYMENTS**

Premiums are based on the rates in use for the class to which the Insured belongs.

Any premium after the first is payable in advance at the home office or at the Company's premium payment address. Premiums are payable during the Insured's lifetime. The Table of Premiums and Amounts of Insurance section of the Schedule shows the premiums payable under this Policy.

The Owner may change the mode of premium payment with the Company's consent. Written notice must be received at the home office. The modes available are annual, semiannual, and quarterly. Premiums may also be paid by automatic bank draft.

**(Continued)**

## PREMIUM PROVISIONS (Continued)

**REFUND OF PREMIUM**

No premium refunds will be made except as specifically stated in this Policy.

**GRACE PERIOD**

Any premium not paid by its Premium Due Date is in default. A grace period of 31 days is provided for payment, without interest, of any premium after the first premium. The first day of the grace period for an unpaid premium is the Premium Due Date for that premium.

This Policy and all riders will stay in force during a grace period. If this Policy enters a grace period and the Insured dies before the end of the grace period, the premium required to remove this Policy from the grace period will be deducted from the proceeds.

If a premium has not been paid by the end of its grace period, this Policy will terminate subject to its terms as of the Premium Due Date of that premium.

**REINSTATEMENT**

This Policy may be reinstated unless:
- it has been surrendered;
- any period of extended term insurance has expired;
- the loan balance has exceeded the cash value; or
- the date of reinstatement would be on or after the Expiry Date shown in the Schedule.

To reinstate, the following must be received at the home office within five years after default in premium payment:
- evidence of the insurability of the Insured acceptable to the Company; and
- payment of all past-due premiums with interest calculated from their respective Premium Due Dates at a rate of 6.00% per year, compounded annually; and
- payment or reinstatement of the loan balance.

After the Company has approved the application for reinstatement, this Policy will be reinstated on the day the above conditions are satisfied, which is the date of reinstatement.

## EXCHANGE PROVISION

**EXCHANGE OPTION**  Unless this Policy is being continued under a nonforfeiture option, it may be exchanged for a new policy on or before **NOVEMBER 28, 2036.** Evidence of insurability is not required unless riders are to be included in the new policy.

To exchange this Policy, the Owner must provide the following to the home office:
- written request for exchange; and
- this Policy.

The Company will pay any net cash value to the Owner.

The policy date of the new policy will be the date of exchange. The date of exchange is the beginning of the policy month on which the exchange is effective.

The new policy may be on any whole life or endowment plan available for this purpose on the date of exchange with a premium per $1,000 higher than the premium per $1,000 for this Policy as of the date of exchange. There will always be at least one plan available for exchange.

The amount of insurance of the new policy:
- may not exceed the net amount at risk under this Policy on the date of exchange; and
- may not be less than the minimum for the plan selected.

The net amount at risk is the amount of insurance in force less the cash value.

Using the rates in effect for the new policy on the date of exchange, the Company will determine the premiums for the new policy using the following:
- the Insured's sex and age nearest birthday on the date of exchange; and
- the premium classification of the new policy.

The new policy will have the same premium classification as this Policy.

## NONFORFEITURE PROVISIONS

**NONFORFEITURE OPTIONS**

A nonforfeiture option may be elected by written notice during the Insured's lifetime. The effective date of an option will be the date to which premiums for this Policy have been paid.

The following options apply if this Policy has a positive net cash value. The net cash value is the cash value less the loan balance. For paid-up and extended term insurance, the net cash value is the net single premium at the Insured's attained age for any benefits remaining under that insurance less the loan balance.

**Policy Surrender** The Owner may surrender this Policy. The amount payable upon surrender will be the net cash value on the effective date of this option. Paid-up or extended term insurance may be surrendered at any time for the net cash value at that time. Payment may be deferred up to six months after notice is received at the home office. A surrender within 30 days after a policy anniversary will be for an amount not less than the value on the anniversary, less any loan made since the anniversary and the accrued interest on that loan.

**Paid-Up Insurance** This Policy may be continued as reduced paid-up insurance from the effective date of this option. The amount of insurance will be that which the net cash value will provide when applied as a net single premium at the Insured's attained age. This paid-up insurance will be payable at the same time as the insurance under this Policy, and it will be subject to the applicable provisions of this Policy.

**Extended Term Insurance** This option is available if extended term insurance values are shown in the Table of Nonforfeiture Values. Under this option, insurance will be continued in force as term insurance from the effective date of this option. The amount of extended term insurance at any time will equal:

- the Amount of Insurance shown in the Schedule for the appropriate policy year; times
- the difference between the Amount of Insurance on the effective date and the loan balance on that date; divided by
- the Amount of Insurance on the effective date.

The period of extended term insurance will be that which the net cash value will provide when applied as a net single premium at the Insured's attained age. This Policy will terminate at the end of the period of extended term insurance. This option is not available if the Premium Classification in the Schedule is Rated Class, unless the rating is a temporary flat extra of five years or less.

**Automatic Option** If extended term insurance is available, the automatic option is the Extended Term Insurance option; if not, it is the Paid-Up Insurance option. The appropriate option will automatically apply when:

- the unpaid premium has not been paid by automatic premium loan; and
- no other available option has been elected.

The Owner may elect one of the other available options within 60 days after the effective date of this option.

**BASIS OF VALUES**

All calculations, including net single premium calculations, are based on the mortality table and rate of interest shown in the Table of Nonforfeiture Values. Death is assumed to occur at the end of the policy year. Riders are ignored when determining nonforfeiture values under this Policy. Values are in no case less than the minimum values required by the state in which this Policy was delivered.

## POLICY LOANS

**CASH LOAN**

The Company will make a loan upon the sole security and assignment of this Policy. The Owner may obtain the loan while this Policy is in force other than as extended term insurance. The loan balance at any time is equal to:

- the sum of all policy loans made; less
- the sum of all loan repayments; plus
- accrued loan interest.

**(Continued)**

## POLICY LOANS (Continued)

The loan value of this Policy is the cash value as of the earlier of the next Premium Due Date and the end of the current policy year. The amount advanced as a policy loan may not exceed:
- the loan value; less
- the loan balance on the date the loan is to be made; less
- loan interest to the end of the current policy year; less
- any premium in default.

**AUTOMATIC PREMIUM LOAN OPTION**

This option may be elected in the application. It may also be elected by written notice received at the home office before the end of the grace period. The Owner may revoke the election by written notice to the home office.

If elected, this option provides automatic payment by policy loan of the premium for the mode in effect. The loan will be made at the end of the grace period. After two consecutive premiums have been paid by loan, the Company may change to a less frequent mode of premium payment if there is sufficient value.

If there is not sufficient value to advance the premium as a policy loan, no automatic premium loan will be made. The premium will be in default. Any remaining value will be applied under the Nonforfeiture Options.

While this option is being used to make premium payments, the Owner may resume premium payments without furnishing evidence of insurability.

**DEFERRAL**

The Company may defer making a policy loan up to six months after written request is received at the home office; however, a loan for payment of premiums to the Company will not be deferred.

**INTEREST AND REPAYMENT**

Loan interest is due annually at the end of each policy year and on the earliest of these dates:
- the date this Policy is surrendered;
- the date of termination of this Policy; and
- the date of the Insured's death.

Interest accrues daily from the date a loan is made and is compounded annually. Interest not paid when due is added to the loan and bears interest at the same rate. The Policy Loan interest rate is shown in the Table of Nonforfeiture Values.

All or any part of a policy loan may be repaid while this Policy is in force during the Insured's lifetime. After policy lapse, loans made prior to the end of the grace period may not be repaid unless this Policy is reinstated.

When the loan balance exceeds the cash value, this Policy will terminate. Notice of termination will be mailed to the Owner and to any assignee of record. Termination will be effective 31 days after the notice is mailed.

Pol No  9,814,464

## TABLE OF NONFORFEITURE VALUES

### Mortality Tables and Interest Rates

THE 1980 CSO MORTALITY TABLE, SEX DISTINCT, AGE NEAREST BIRTHDAY, FOR
ATTAINED AGES UP THROUGH 14 AND THE 1980 CSO NONSMOKER MORTALITY TABLE,
SEX DISTINCT, AGE NEAREST BIRTHDAY, FOR ATTAINED AGES 15 AND ABOVE WITH
INTEREST AT A RATE OF 5.5% A YEAR, COMPOUNDED ANNUALLY.

Policy Loan Interest Rate - 8.00% a year, compounded annually

The values shown in this Table assume that no policy loan is made and that
premiums have been paid to the end of the policy year. If premiums are paid
for part of the year, values will be prorated.

Negative values are shown as zero in the Table. All calculations will use
the actual negative value.

| End of Policy Year | Guaranteed Cash or Loan Value | | Paid-Up Insurance | Extended Term Insurance Years | Days |
|---|---|---|---|---|---|
| 1-61 | $ | 0.00 | $       0 | 0 | 0 |



Form No. 1420NFT                                    6E

*First Colony Life Insurance Company*

*Home Office*
*700 Main Street*
*Lynchburg, VA 24504*

# ENDORSEMENT

The first paragraph under the Premiums section of the Table of Premiums and Amounts of Insurance is hereby replaced with the following:

"The Annual Premium is the premium that is required in full, at the beginning of the policy year. Available Non-Annual premium payment modes are: Semi-Annual, Quarterly and Monthly.

The Annual Premium is multiplied by the applicable modal factor from the Modal Factors Table to determine each Non-Annual modal premium which will be due on the frequency for the particular mode chosen. The total yearly premiums on a Non-Annual mode can be calculated by multiplying the Non-Annual modal premium by the number of times it is due during a policy year (e.g. 4 for the Quarterly mode). The total yearly Non-Annual premiums will exceed the Annual Premium shown in this Table. The Maximum Annual Premium applies only to the maximum total premium that is payable at the beginning of the policy year under the annual mode and does not apply to premiums paid on a non-annual mode. The total yearly Maximum Non-Annual premiums will exceed the Maximum Annual Premium shown in the Table. This information, as well as the yearly dollar difference between the various Non-Annual modes and the Annual Premium, can be obtained from the Company upon request."

David H. McMahon

Secretary

TLMODFAC03

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504

## ENDORSEMENT

This Policy is amended to include the following additional section:

"**OPTION TO PAY UP POLICY.**  As of a policy anniversary, the Owner may elect to pay up this Policy provided:
- the Insured is living; and
- this Policy is not being continued under a nonforfeiture option.

The amount of insurance that may be paid-up is the amount applicable on the policy anniversary.

To pay up this Policy, the Owner must:
- file written request at the home office in a form acceptable to the Company at least 60 days prior to the policy anniversary as of which this Option is to be effective; and
- pay the required premium.

The Company will notify the Owner of the required premium.

After all requirements have been met, this Policy will be paid-up as of the policy anniversary as of which this Option was elected.

Once this Policy becomes paid up:
- no more premium payments will be required to keep it and any attached riders in force;
- it will not terminate prior to the Insured's death unless it is surrendered or the loan balance exceeds the value specified by this Policy; and
- its net cash value (cash surrender value) will be the net single premium at the Insured's attained age for the amount of insurance less the loan balance."

*David H. McMahon*

Secretary

Form No. 9246

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504

## ACCELERATED DEATH BENEFIT RIDER

**This Rider provides for an accelerated payment of life insurance proceeds. It is not intended or designed to provide health, nursing home, or long-term care insurance. Receipt of an accelerated death benefit payment will reduce the death proceeds of the Policy and limit the availability of any surrender or loan values provided by the Policy.**

**Disclosure: Receipt of an accelerated death benefit payment may be taxable. The Owner of the Policy should seek assistance from a tax advisor before electing to receive a payment.**

### BENEFIT

The Company will make an accelerated death benefit payment to the Owner of the Policy subject to the provisions of this Rider. The requirements for payment are:

- the Owner's written request for an accelerated death benefit payment;
- proof acceptable to the Company that the Owner is eligible for a payment according to the terms of this Rider;
- written approval of payment from any irrevocable beneficiary; and
- full release of any collateral assignment of the Policy except a collateral assignment to the Company.

Payment will be made in a single sum. The Company will make only one accelerated death benefit payment under this Rider.

The Company will not make an accelerated death benefit payment if:

- it does not receive all of the requirements for payment as stated above at its home office;
- the Policy is being continued as extended term insurance on the date payment is to be made;
- there is less than one year remaining until any expiry or maturity date for the Policy on the date payment is to be made; or
- the Policy is being contested or has been voided as the result of a successful contest.

### BENEFIT LIMITATIONS

The Owner requests the amount of accelerated death benefit subject to the maximums stated below.

The maximum accelerated death benefit available for request is equal to the difference between (1) and (2) below.

1.  An amount equal to the lesser of (a) and (b) below:
    (a)  The sum of the following:
        - 75% of the difference between the primary death benefit on the date the Company approves payment of an accelerated death benefit and the loan value on that date; and
        - the loan value on the date the Company approves payment of an accelerated death benefit.
    (b)  $500,000.
2.  The amount of any policy loan, including interest, against the Policy.

The primary death benefit is the death benefit provided by the Policy and does not include any accidental death benefits, the amount of the death benefit of any riders, or any benefits payable because of the death of any person other than the Insured. If the Policy provides for policy loans, loan value is defined in the Policy; otherwise, loan value is defined to be zero.

The maximum aggregate amount of accelerated death benefit payments the Company will make under all policies issued by the Company on the Insured's life is $500,000.

### ELIGIBILITY

To be eligible to receive an accelerated death benefit payment, the Owner must provide the following to the Company:

- evidence acceptable to the Company that the Insured is living and has a life expectancy of six months or less; this evidence must include, but is not limited to, certification by a physician approved by the Company who is licensed to practice medicine in the United States or Canada and is acting within the scope of that license;
- evidence that election of this benefit is voluntary and without coercion on the part of any third party, including any creditor or government agency; and
- evidence that only one of the Insureds is living if the Policy is a last survivor policy.

Form No. R-84



## GENERAL PROVISIONS

Wherever used in this Rider, the term "Policy" means the Policy to which this Rider is attached. This Rider is a part of the Policy. Policy provisions apply to this Rider except where modified by this Rider.

If the Policy is in a grace period at the time an accelerated death benefit payment is made, the premium required to remove the Policy from the grace period will be deducted from the payment.

The Owner will remain liable for any required premium payments under the Policy after the Company makes an accelerated death benefit payment. After an accelerated death benefit payment has been made, the amount of any premium required to keep the Policy in force that is not paid or waived through the Owner's exercise of a waiver benefit will be added to the lien.

There is no premium or cost of insurance charge for this Rider; however, an administrative fee that will not exceed $250 will be deducted from the accelerated death benefit prior to payment to the Owner.

## EFFECT OF AN ACCELERATED DEATH BENEFIT PAYMENT

The accelerated death benefit will be treated as a lien against the primary death benefit. This lien will limit the availability of any surrender benefit and of any future policy loans or partial withdrawals (surrenders) under the Policy; they will be available only to the extent that values under the Policy exceed the sum of the lien amount and any outstanding policy loan. This lien will not affect the death benefit of any rider attached to the Policy however.

The lien amount at any time will equal:
- the amount of the accelerated death benefit payment made to the Owner; plus
- the administrative fee; plus
- the amount of any premium required to remove the Policy from the grace period; plus
- any unpaid premiums added to the lien; plus
- accrued lien interest; less
- any lien repayments.

Interest at the policy loan interest rate(s) stated in the Policy will be charged on the portion of the lien amount equal to the difference between the loan value and any outstanding policy loan. Interest will be charged on the portion of the lien amount that exceeds this difference at a rate no greater than the greater of:
- the current yield on a 90-day treasury bill on the date of payment; and
- the current maximum adjustable policy loan interest rate allowed by law on the date of payment in the state in which the Policy was delivered.

After payment of the accelerated death benefit, the proceeds payable under the Policy at the death of the Insured will equal:
- the death proceeds as defined in the Policy; less
- the lien amount as of the date of death.

## TERMINATION

This Rider will terminate on the earliest of the following dates:
- the date of maturity or termination of the Policy; and
- the date the Owner's written request for termination of this Rider is signed; the request must be received at the home office.

If at any time the lien amount equals or exceeds the death proceeds as defined in the Policy, the Policy will terminate. Termination will occur 31 days after the Company has mailed notice of termination to the last known address of the Owner, unless all or part of the lien amount is repaid within 31 days after the date the notice is mailed. The Company will accept a partial repayment only if the death proceeds of the Policy would exceed the lien amount after application of the partial repayment.

President

Secretary

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504

## Endorsement

Insured(s):    **TEENA KAMAL**

Policy Number:    **9,814,464**

This Endorsement is made a part of this Policy.

Coverage under this Policy will begin on the date of delivery. The date of delivery is the date on which this Policy is delivered to the Owner and the first modal premium is paid while all persons proposed for insurance are living and insurable as described in each part of the application.

Premiums for this Policy are payable from the Policy Date. The Policy Date will be the same as the date of delivery unless the Owner consents in writing to another date satisfactory to the Company.

The Company will notify the Owner of the Policy Date.

All dates referred to in this Policy that depend on the Policy Date will be determined in accordance with this Endorsement.

David H. McMahon

Secretary

Form No. 9248-COD-01

LB
BSI INC

# First Colony Life Insurance Company

P.O.Box 1280
Lynchburg, Va.24505

## AMENDMENT OF APPLICATION FOR INSURANCE

Insured: **TEENA KAMAL**                    Policy Number:    **9814464**

The application attached to the policy is amended to apply for the policy as issued. The issued policy differs from the policy applied for as follows:

THE ANSWER TO QUESTION #1G ON THE PART 1 APPLICATION TO READ - US LEGAL RESIDENCY   I AM A US CITIZEN.

THE ANSWER TO QUESTION NUMBER 2 ON PART II TO READ HAD COMPLETE RECOVERY FROM WRIST PAIN, NO OTHER ADVERSE MEDICAL FINDINGS AND NO FURTHER TREATMENT OR MEDICATION REQUIRED.

The undersigned accept(s) the policy to which a signed and dated copy of this amendment form is attached.

Signed at _MARLBORO, MASS_ this _12TH_ day of _DEC_ , _06_
          City and State                          Month        Year

_____  Witness                    Signature of Insured

_____  Witness                    Signature of Owner
                                             (if other than Insured)

**DO NOT ALTER THIS FORM.** If this amendment is unacceptable, return the policy for reissue. If acceptable, SIGN BOTH COPIES AND RETURN LOOSE COPY to the Company.

Form No. 566



# Application for Life Insurance – Part I

First Colony Life Insurance Company (FCL) • Genworth Life Insurance Company (GLIC) • Genworth Life and Annuity Insurance Company (GLAIC)
700 Main Street • Lynchburg, VA 24504

**9814464**

---

### 1. Proposed Insured
*Please print all answers.*

**a. Full Name (First, Middle, Last. Include maiden name in parentheses.)**
TEENA KAMAL

**b. Sex** ⊗F ○M
**c. Date of Birth** Mo. Day Yr.
**d. State of Birth** India
**e. Social Security Number**

**f. Home Address (Number, Street, City, State, and Zip Code.) e-mail:**
22 ROBERTS ROAD MARLBOROUGH MA 01752

**How Long At Address?** 10 Years
**g. Legal Residency** ⊗U.S. ○Other (Specify):

**h. Driver's License Number/State** MA
**i. Marital Status** ⊗M S○ ○W D○
**j. Home Phone Number**
**k. Work Phone Number**

**l. Occupation (Include duties.)** Development Manager
**m. Employer Name and Address** Fidelity Investments MARLBOROUGH / MA
**How Long w/ Employer?** 10 Years

---

### 2. Ownership (Complete if Owner is other than Proposed Insured. If trust, give full name of trust and date of trust agreement.)

**a. Owner: (Full Name and Address) e-mail:**
**b. Rel. to Prop. Ins.**
**c. SSN or TIN**
**d. Date of Birth/Trust** Mo. Yr.

**e. Owner is:** ○Individual ○Partnership ○Corporation ○Trust ○Other (Specify):

**f. Contingent Owner: (Full Name and Address) e-mail:**
**g. Rel. to Prop. Ins.**
**h. SSN or TIN**
**i. Date of Birth/Trust** Mo. Day Yr.

**j. Contingent Owner is:** ○Individual ○Partnership ○Corporation ○Trust ○Other (Specify):

---

### 3. Beneficiary (If percentage shares are not given, they will be equal. Use REMARKS to name additional Beneficiaries.)

**a. Primary: (Full Name and Address)**
KAMAL, RAKESH,
**b. % Share** 100
**c. Rel. to Prop. Ins.** SPOUSE
**d. SSN or TIN**
**e. Date of Birth/Trust** Mo. Day Yr.

**f. Primary: (Full Name and Address)**
**g. % Share**
**h. Rel. to Prop. Ins.**
**i. SSN or TIN**
**j. Date of Birth/Trust** Mo. Day Yr

**k. Contingent: (Full Name and Address)**
KAMAL, ARIANNA,
**l. % Share** 100
**m. Rel. to Prop. Ins.** CHILD
**n. SSN or TIN**
**o. Date of Birth/Trust** Mo. Day Yr

**p. Contingent: (Full Name and Address)**
**q. % Share**
**r. Rel. to Prop. Ins.**
**s. SSN or TIN**
**t. Date of Birth/Trust** Mo. Day Yr.

---

### 4. Insurer, Plan and Amount of Insurance

**a. Insurer:** (Select one) ⊗FCL ○GLIC ○GLAIC
**b. Plan of Insurance:** Colony 30
**c. Amount of Insurance:** $ 1250000

### 5. Death Benefit Option (Universal Life only)

○ Level (Specified Amount only)
○ Increasing (Specified Amount plus cash value)
○ Scheduled Increases (if available):
   ○ Simple ____% ○ Compound ____%

### 6. Riders (If available with Plan)

○ Waiver
○ Children's Term Ins : Units ____
○ Other (Amount and Description):

---

### 7. Premiums

**a. Payment Method:** ⊗ Pre-Arranged Withdrawal (PAW) ○ Direct Bill ○ Other (Specify):

**b. Payment Mode:** ⊗ Monthly (PAW only) ○ Quarterly ○ Semiannual ○ Annual ○ Single
**c. Automatic Premium Loan:** ○ Yes No ⊗ (if available)

**d. Send Premium Notices to:** ⊗ Insured (Section 1.f.) ○ Owner (Section 2.a.) ○ Other (Specify):

**e. Premium Source:** ⊗ Salary ○ Investments ○ Savings ○ Gifts/Inheritance ○ Other (Specify):
**f. Amount Remitted in Exchange for Temporary Insurance:** $ -0-

---

**8. Proposed Insured's Tobacco and Nicotine Use**

a. Mark the **one** item that best describes your history of tobacco and other nicotine product use:  ⊗ Never Used  ○ Totally Stopped  ○ Use Now

b. If you have "Totally Stopped," indicate number of **years** since you totally stopped and give date and reason in **REMARKS**.
○ Less than 1  ○ 1 or more/less than 2  ○ 2 or more/less than 3  ○ 3 or more/less than 5  ○ 5 or more

**9. Proposed Insured's Insurance Needs (Complete either the Personal or Business section. Explain "Yes" answers in REMARKS.)**

a. ⊗ **Personal:** ⊗ Income Replacement  ○ Debt Repayment  ○ Estate Conservation  ○ Other

1. Personal Finances:  Gross Annual Income $ 150000  Total Assets $ 1,000,000  Total Liabilities $ 250k

2. Within the past 5 years, have you filed for bankruptcy or had any judgments or liens filed against you? ...... ○ Yes No ⊗

b. ○ **Business:** ○ Buy-Sell  ○ Key Employee  ○ Secure Credit  ○ Other

1. Business Finances:  Total Assets $ _____  Total Liabilities $ _____  Net Worth $ _____

2. What percentage of the business do you own? _____ %  3. Your Gross Annual Salary (include bonus) $ _____

4. Is business insurance applied for or in force on other key members of the business? (Explain either answer in **REMARKS**.) ..... ○ Yes No ○

5. Within the past 5 years, has the business filed for bankruptcy or had any lien or judgments filed against it? .................. ○ Yes No ○

**10. Proposed Insured's Existing Insurance/Replacement (Explain "Yes" answers in REMARKS.)**

a. Do you have existing life insurance or annuities? ............................................................................................ ⊗ Yes No ○

b. If "Yes," to Question 10.a., will this insurance applied for in this application replace, end or change any existing life insurance or annuities? ...... ⊗ Yes No ○
(If "Yes," you may be required to review and sign additional forms.)

c. If "Yes," to Question 10.a., list all existing life insurance policies and annuity contracts. For additional policies/contracts, use **REMARKS**.

| Full Name of Company | To Be Replaced? | Amount | Year Issued | Beneficiary(ies) |
|---|---|---|---|---|
| Phoenix | ⊗ Yes No ○ | $ 500000 | 1996 | RAKESH KAMAL |
| | ○ Yes No ○ | $ | | |
| | ○ Yes No ○ | $ | | |
| | ○ Yes No ○ | $ | | |

**11. Proposed Insured's History (Explain "Yes" answers in REMARKS.)**

| | Yes | No |
|---|---|---|
| a. Do you have any other application or informal inquiry for life insurance pending in any company or society? ....... | ○ | ⊗ |
| b. Have you ever had an application or reinstatement request for life or disability insurance refused, postponed, limited, withdrawn or cancelled, or have you been asked to pay a higher premium? ..... | ○ | ⊗ |
| c. Have you ever been convicted of a misdemeanor or felony? ..... | ○ | ⊗ |
| d. Have you ever requested or received a Worker's Compensation, Social Security or disability income payment, excluding a pregnancy-related payment? ..... | ○ | ⊗ |
| e. In the past 5 years, has your driver's license been suspended or revoked? ..... | ○ | ⊗ |
| f. In the past 5 years, have you been convicted of, or pled guilty or no contest to, reckless driving or driving under the influence of alcohol or drugs? ..... | ○ | ⊗ |
| g. In the past 5 years have you flown, or do you intend to fly, as a pilot, student pilot, or crew member other than for a scheduled commercial airline? (If "Yes," complete Aviation Supplement.) ..... | ○ | ⊗ |
| h. In the past 2 years have you engaged in, or do you intend to engage in, hang gliding, ultra-light flying, hot-air ballooning, mountain, rock, or ice climbing, motor vehicle or boat racing, or scuba or sky diving? (If "Yes," complete appropriate activities Supplement[s].) ..... | ○ | ⊗ |
| i. In the next 2 years, do you intend to travel or reside outside of the U.S. for more than 4 consecutive weeks other than for vacation? (If "Yes," complete Foreign Residence/Travel Supplement.) ..... | ○ | ⊗ |

**12. REMARKS** (For explanations and special requests. Identify applicable item number and letter. If additional space is needed, use an overflow form.)

## Authorization to Collect and Disclose Information

**Information** — Information means facts about the Proposed Insured. It includes facts about these topics: mental and physical health, including facts about communicable diseases such as HIV infection, AIDS, tuberculosis, and sexually transmitted diseases; other insurance coverage; hazardous activities; character; general reputation; mode of living; finances; vocation; and other personal traits. It does not include facts about sexual orientation. The following statements apply to Information being collected in the states named: **New Jersey** Information does not include facts about previously administered tests for HIV Antibodies, T-Cell Counts, or AIDS. **Vermont** Information does not include facts about previously administered tests for HIV Antibodies, T-Cell Counts, or AIDS. In Vermont, the Company will not forward the results of any new tests it requests to any other entity.

**Source** — Medical physicians; chiropractors; physical therapists; psychologists; drug, alcohol, or mental health counselors; hospitals; clinics; drug or alcohol treatment or consultation facilities; nursing homes; mental health facilities; ambulatory care centers; facilities or offices staffed or run by care providers; insurers; reinsurers; MIB; consumer reporting agencies; financial sources; employers; the Social Security Administration; neighbors; friends; and relatives.

**Insurer** — First Colony Life Insurance Company, Genworth Life Insurance Company, and Genworth Life and Annuity Insurance Company

**Proposed Insured** — The Proposed Insured is the person whose life is proposed to be insured.

**Authorization** — The Authorization is this Authorization to Collect and Disclose Information.

**MIB** — MIB is the medical information bureau known as MIB, Inc.

The following parties may need to collect Information in regard to proposed coverage: the Insurer and its reinsurers; MIB; consumer reporting agencies; and all persons authorized to represent these parties. Those parties that may need to collect Information may generally disclose Information to the following: other insurers to which the Proposed Insured has applied or may apply; reinsurers; MIB; or persons who perform business, professional, or insurance tasks for them. They may disclose Information as allowed or required by law. MIB and consumer reporting agencies may disclose Information only as set forth in an agreement with a member company or organization. Certain laws may pertain to some kinds of Information and may further restrict disclosure of that Information. The Insurer and its reinsurers will use Information to evaluate the application.

By signing this Application—Part I, the Proposed Insured or the person authorized to act on the Proposed Insured's behalf: (1) authorizes each Source to give Information when this Authorization is presented; and (2) acknowledges receipt of the Notice to Proposed Insured and Owner. A copy of this Authorization will be as valid as the original. The Proposed Insured or the person authorized to act on the Proposed Insured's behalf may revoke this Authorization by sending written notice to the Insurer. Failing to sign, changing, or revoking this Authorization will impair processing of the application; as a result, the application may be denied.

In all states except Rhode Island and Vermont, this Authorization will be valid for thirty (30) months after the date this Application—Part I is signed. In Rhode Island and Vermont, this Authorization will be valid for twenty-four (24) months after the date this Application—Part I is signed. The Proposed Insured or an authorized representative of the Proposed Insured may ask to receive a copy of this Authorization.

## Representations

The application includes the Application—Parts I and II and all approved supplemental forms or amendments the Insurer specifically designates as parts of the application by attaching copies of them to any policy delivered to the Owner. No licensed insurance agent is authorized to: (a) make or modify contracts; (b) waive any insurer rights or requirements; or (c) waive any information the Insurer requests.

I represent: (1) the statements and answers given in the application are true, complete, and correctly recorded to the best of my knowledge and belief; and (2) the insurance being applied for is suitable for the Owner's insurance needs.

I agree that: (1) I will notify the Insurer if any statement or answer given in the application changes prior to policy delivery; and **(2) except as provided in the Temporary Insurance Application and Agreement, if any, insurance will not begin unless all persons proposed for insurance are living and insurable as set forth in the application at the time a policy is delivered to the Owner and the first modal premium is paid.**

| State in which Owner Signed Application | MA | | State in which Policy will be Delivered | MA |

X _____  Date 10/27/06

Signature of Proposed Insured

Owner (if not Proposed Insured: Signature and any Title)

_____
Signature of Licensed Insurance Agent

_____
Signature of Licensed Insurance Agent

**William Jerro**
Licensed Insurance Agent's Printed Name

_____
Licensed Insurance Agent's Printed Name

G3101

| Social Security No. | License No. | Managing Agency/ Brokerage No. | | Social Security No. | License No. | Managing Agency/ Brokerage No. |

Form No. GEFA-599 — Page 3 — 1/2006



# Application – Part II Medical History

First Colony Life Insurance Company (FCL) • Genworth Life Insurance Company (GLIC) • Genworth Life and Annuity Insurance Company (GLAIC)
700 Main Street • Lynchburg, VA 24504

**Professional health care provider (care provider)** means persons licensed as: medical physicians; chiropractors; physical therapists; psychologists; and drug, alcohol, or mental health counselors. **Professional health care treatment facility (treatment facility)** includes: hospitals; clinics; drug or alcohol treatment or consultation facilities; nursing homes; mental health facilities; ambulatory care centers; and facilities or offices staffed or run by care providers.

| 1. Proposed Insured | | | | | *Please print all answers* |
|---|---|---|---|---|---|
| a. Full Name TEENN · Kamal | b. Date of Birth (Mo. Day Yr.) | c. Social Security Number | d. Height | e. Weight | lbs. |

**2. Primary Care Provider (If none, state NONE.)**
Name and Address (For the past 5 years, give dates and reasons consulted and any treatments or medications prescribed in DETAILS.)

**3. Medical Questions (Explain "Yes" Answers in DETAILS.)**
a. In the past 10 years, have you had, been treated for, or been medically advised to be treated for, any of the following?

| | Age if Alive | Age at Death: | Cause | Siblings | No. Alive | Age(s) | No. Dead: | Age(s): |
|---|---|---|---|---|---|---|---|---|
| Father | 64 | | | 1 | 1 | 35 | | |
| Mother | 54 | | | | | | Cause(s) | |

**4. DETAILS (For explanations and requested information. Identify applicable item number and letter. If additional space is needed, use an overflow form.)**

State condition and give diagnoses, dates, durations, treatments, tests, medications prescribed and names and addresses of all care providers and treatment facilities.

I represent that the statements and answers given in the application are true, complete, and correctly recorded to the best of my knowledge and belief. I agree that: (1) I will notify the Insurer if any statement or answer given in the application changes prior to policy delivery; and (2) **except as provided in the Temporary Insurance Application and Agreement, if any, insurance will not begin unless all persons proposed for insurance are living and insurable as set forth in the application at the time a policy is delivered to the Owner and the first modal premium is paid.**

X _____
Signature of Proposed Insured
Form No. 65FA-504 MA

_____
Date

_____
Signature of Examiner

1/2006

# Application – Part II Medical History, Overflow Form

First Colony Life Insurance Company ( FCL) • Genworth Life Insurance Company( GLIC) • Genworth Life and Annuity Insurance Company ( GLAIC)
700 Main Street • Lynchburg, VA 24504

| Proposed Insured | Please print all answers |
|---|---|

| a. Full Name   TEENA   Kamal | b. Date of Birth (Mo. Day Yr.) | c. Social Security Number |
|---|---|---|

**4  DETAILS ( Provide explanations and requested information.)**

I represent that the statements and answers given in the application are true, complete, and correctly recorded to the best of my knowledge and belief. I agree that:
(1) I will notify the Insurer if any statement or answer given in the application changes prior to policy delivery; and (2) except as provided in the Temporary Insurance Application and Agreement, if any, insurance will not begin unless all persons proposed for insurance are living and insurable as set forth in the application at the time a policy is delivered to the Owner and the first model premium is paid.

Overflow Page _____ of _____

Signature of Proposed Insured              Date              Signature of Licensed Insurance Agent or Examiner

Form No. GEPA-804 MA (Overflow)                                                          1/2006



# Financial Supplement
## (Supplement to Application)

First Colony Life Insurance Company (FCL) • Genworth Life Insurance Company (GLIC) • Genworth Life and Annuity Insurance Company (GLAIC)
700 Main Street • Lynchburg, VA 24504

**1. Proposed Insured**                                                                 Please print all answers

| a. Full Name | b. Date of Birth (Mo. Day Yr.) | c. Occupation |
|---|---|---|
| TEENA KAMAL | | Development Manager |

**2. Personal Life Insurance (Complete when applying for Personal Insurance.)**

a. Purpose of Insurance:  ○ Income Replacement   ○ Debt Repayment   ○ Estate Conservation   ○ Other (Specify):

b. Income, Assets, and Liabilities

| Income Current Year | | Income Last Yr. | Current Assets | | Current Liabilities | |
|---|---|---|---|---|---|---|
| Salary/Commission: | $ | $ | Business Equity: | $ | Mortgages: | $ |
| Bonus: | $ | $ | Real Estate: | $ | Loans: | $ |
| Dividends & Interest: | $ | $ | Stocks, Bonds, & Savings: | $ | Notes: | $ |
| Rental Income: | $ | $ | Personal Property: | $ | Other (Specify): | $ |
| Monthly Social Security Retirement: | $ | $ | Other (Specify): | $ | Other (Specify): | $ |
| Other (Specify): | $ | $ | Total: | $ | Total: | $ |

c. Do you expect any significant changes in income or net worth in the next year? If "Yes," explain. .................................................... ○ Yes  No ○

d. Have you declared bankruptcy in the past 5 years or do you anticipate declaring bankruptcy in the future? If "Yes," explain. ................... ○ Yes  No ○

e. Are there any pending liens or lawsuits against you or your business? If "Yes," explain. ................................................................ ○ Yes  No ○

**3. Business Life Insurance (Complete when applying for Business Insurance.)**

| a. Kind of Business:  ○ Sole Proprietorship   ○ Partnership   ○ Corporation | b. Name of Business: |
|---|---|
| c. Purpose of Insurance:  ○ Buy/Sell   ○ Keyman   ○ Secure Credit   ○ Other (Specify): | d. % of Business Owned: |

e. Complete the following schedule for each partner, owner, corporation officer or key person.

| Name | Position/Title | % Owned | Amt. of Insurance in Force | Beneficiary(ies) |
|---|---|---|---|---|
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |

f. Are other key business associates being similarly insured?  If "No," give reasons for insuring only the Proposed Insured. ..................... ○ Yes  No ○

g. Business Finances for Last 2 Years (Attach copy of profit & loss statements and balance sheets for last 2 years if available.)

| Year | Assets | Liabilities | Net Worth | Gross Sales | Net Profit |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |
| | $ | $ | $ | $ | $ |

h. Has the business filed for bankruptcy and/or reorganization in the past 5 years? If "Yes," explain. .......................................... ○ Yes  No ○

I represent that the statements and answers given in the application are true, complete, and correctly recorded to the best of my knowledge and belief. I further agree that: (1) I will notify the insurer if any statement or answer given in the application changes prior to policy delivery; and (2) except as provided in the Temporary Insurance Application and Agreement, if any, insurance will not begin unless all persons proposed for insurance are living and insurable as set forth in the application at the time a policy is delivered to the Owner and the first modal premium is paid.

Signature of Proposed Insured                                                      10/27/06

Date

UND 66-1                                                                              1/2006

## SETTLEMENT OPTIONS

**GENERAL PROVISIONS**

Policy proceeds may be paid in a single sum or left with the Company for payment under one or more of the following settlement options. The amount applied under an option must be at least $2,000. The amount of each payment under an option must be at least $50.

The Owner, with the consent of any irrevocable beneficiary, may elect or revoke a settlement option at any time before the proceeds are payable. If no settlement option election is then in effect, the payee may make an election. Written notice of election or revocation must be filed at the home office in a form acceptable to the Company. The election or revocation will then take effect as of the date the Owner or payee signed the notice. An election does not affect any payment made or other action taken by the Company before the notice is received. A payee that is not a natural person may elect a settlement option only with the Company's consent.

An assignee cannot elect a settlement option. Change of owner or beneficiary automatically revokes any election in effect.

**DEATH OF PAYEE**

Unless otherwise specified, at the death of the last payee a final payment will be made to the payee's estate. For Options 1 and 2, the final payment will be the commuted value of the remaining unpaid installments certain. Such value will be computed based on the rate of interest used in the calculation of the payments. For Options 3 and 4, the final payment will be the unpaid proceeds with any unpaid interest to the date of death of the payee.

**FIRST INSTALLMENT**

The first installment under Options 1, 2, and 4 is payable on the effective date of the option. The effective date is the date of the Insured's death or any other date agreeable with the Company.

**INTEREST**

The guaranteed interest rate for Options 1, 2, 3, and 4 is 2½% a year, compounded annually. Excess interest may be declared annually by the Company.

**OPTION 1 FIXED PERIOD**

Proceeds will be paid for a fixed period. The amount of the payments is determined from the Option 1 Table on the next page.

**OPTION 2 LIFE INCOME WITH INSTALLMENTS CERTAIN**

Proceeds will be paid in equal installments throughout the certain period. After the certain period, payments will continue to be made throughout the payee's lifetime. The amount and certain period of the payments are determined from the Option 2 Table on the next page. At some ages the same amount is payable for different periods certain. In such a case the Company will assume that the longest period was chosen. Satisfactory proof of the payee's age is required. The Company may require evidence that the payee is living on the due date of each payment.

**OPTION 3 INTEREST**

Interest on the proceeds will be paid in the manner agreed upon when the option is elected.

**OPTION 4 FIXED INSTALLMENTS**

Proceeds will be paid in fixed installments at regular intervals until proceeds, together with interest on the unpaid balance, are exhausted.

**OPTION 5 SINGLE PREMIUM ANNUITY**

Proceeds will be used to purchase any single premium annuity the Company offers at the time proceeds are applied. The annuity payments will be 102% of the payments otherwise purchased by the single premium.

**OTHER SETTLEMENT OPTIONS**

Proceeds may be applied in any other mutually agreeable manner.

**(Continued)**

## SETTLEMENT OPTIONS (Continued)

### OPTION 1 TABLE — Fixed Period Installments
Installments for fixed number of years for each $1,000 of proceeds

| Term of Installment Payments | Annual | Semi-Annual | Quarterly | Monthly | Term of Installment Payments | Annual | Semi-Annual | Quarterly | Monthly | Term of Installment Payments | Annual | Semi-Annual | Quarterly | Monthly |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Years | | | | | Years | | | | | Years | | | | |
| 1 | | $503.09 | $252.32 | $84.28 | 6 | $177.12 | $89.11 | $44.69 | $14.93 | 15 | $78.80 | $39.64 | $19.88 | $6.64 |
| 2 | $506.17 | 254.65 | 127.72 | 42.66 | 7 | 153.65 | 77.30 | 38.77 | 12.95 | 20 | 62.58 | 31.48 | 15.79 | 5.27 |
| 3 | 341.60 | 171.85 | 86.19 | 28.79 | 8 | 136.07 | 68.45 | 34.33 | 11.47 | 25 | $52.95 | 26.64 | 13.36 | 4.46 |
| 4 | 259.33 | 130.47 | 65.44 | 21.86 | 9 | 122.40 | 61.58 | 30.88 | 10.32 | 30 | 46.61 | 23.45 | 11.76 | 3.93 |
| 5 | 210.00 | 105.65 | 52.99 | 17.70 | 10 | 111.47 | 56.08 | 28.13 | 9.38 | | | | | |

### OPTION 2 TABLE - Life Income with Installments Certain
Monthly installments are shown for each $1,000 of proceeds.
Age is age nearest birthday when the first installment is payable.

| Age (Male) | Age (Female) | No. of Months Certain 60 | 120 | 180 | 240 | Age (Male) | Age (Female) | No. of Months Certain 60 | 120 | 180 | 240 | Age (Male) | Age (Female) | No. of Months Certain 60 | 120 | 180 | 240 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12* | $2.63 | $2.63 | $2.62 | $2.61 | 35 | 40 | $3.40 | $3.39 | $3.36 | $3.33 | 63 | 68 | $6.04 | $5.74 | $5.30 | $4.80 |
| | 13 | 2.64 | 2.64 | 2.63 | 2.63 | 36 | 41 | 3.45 | 3.43 | 3.41 | 3.37 | 64 | 69 | 6.22 | 5.87 | 5.39 | 4.85 |
| | 14 | 2.66 | 2.66 | 2.65 | 2.65 | 37 | 42 | 3.50 | 3.48 | 3.45 | 3.41 | 65 | 70 | 6.40 | 6.01 | 5.48 | 4.90 |
| 10* | 15 | 2.67 | 2.67 | 2.66 | 2.66 | 38 | 43 | 3.55 | 3.53 | 3.50 | 3.45 | 66 | 71 | 6.59 | 6.16 | 5.56 | 4.94 |
| 11 | 16 | 2.69 | 2.69 | 2.68 | 2.68 | 39 | 44 | 3.61 | 3.59 | 3.55 | 3.50 | 67 | 72 | 6.79 | 6.30 | 5.65 | 4.98 |
| 12 | 17 | 2.71 | 2.71 | 2.70 | 2.70 | 40 | 45 | 3.66 | 3.64 | 3.60 | 3.54 | 68 | 73 | 7.00 | 6.45 | 5.73 | 5.02 |
| 13 | 18 | 2.73 | 2.73 | 2.72 | 2.71 | 41 | 46 | 3.72 | 3.70 | 3.65 | 3.59 | 69 | 74 | 7.23 | 6.60 | 5.82 | 5.05 |
| 14 | 19 | 2.74 | 2.74 | 2.74 | 2.73 | 42 | 47 | 3.78 | 3.76 | 3.71 | 3.64 | 70 | 75 | 7.46 | 6.76 | 5.90 | 5.09 |
| 15 | 20 | 2.76 | 2.76 | 2.76 | 2.75 | 43 | 48 | 3.85 | 3.82 | 3.77 | 3.69 | 71 | 76 | 7.70 | 6.91 | 5.97 | 5.12 |
| 16 | 21 | 2.78 | 2.78 | 2.78 | 2.77 | 44 | 49 | 3.92 | 3.88 | 3.82 | 3.74 | 72 | 77 | 7.95 | 7.07 | 6.05 | 5.14 |
| 17 | 22 | 2.81 | 2.81 | 2.80 | 2.79 | 45 | 50 | 3.99 | 3.95 | 3.88 | 3.79 | 73 | 78 | 8.22 | 7.23 | 6.12 | 5.17 |
| 18 | 23 | 2.83 | 2.83 | 2.82 | 2.81 | 46 | 51 | 4.06 | 4.02 | 3.95 | 3.84 | 74 | 79 | 8.50 | 7.38 | 6.18 | 5.19 |
| 19 | 24 | 2.85 | 2.85 | 2.84 | 2.84 | 47 | 52 | 4.14 | 4.09 | 4.01 | 3.90 | 75 | 80 | 8.78 | 7.54 | 6.24 | 5.20 |
| 20 | 25 | 2.88 | 2.88 | 2.87 | 2.86 | 48 | 53 | 4.22 | 4.17 | 4.08 | 3.95 | 76 | 81 | 9.08 | 7.69 | 6.30 | 5.22 |
| 21 | 26 | 2.90 | 2.90 | 2.89 | 2.88 | 49 | 54 | 4.31 | 4.25 | 4.15 | 4.01 | 77 | 82 | 9.40 | 7.84 | 6.35 | 5.23 |
| 22 | 27 | 2.93 | 2.93 | 2.92 | 2.91 | 50 | 55 | 4.40 | 4.33 | 4.22 | 4.07 | 78 | 83 | 9.72 | 7.98 | 6.39 | 5.24 |
| 23 | 28 | 2.95 | 2.95 | 2.94 | 2.93 | 51 | 56 | 4.49 | 4.42 | 4.29 | 4.12 | 79 | 84 | 10.05 | 8.13 | 6.43 | 5.25 |
| 24 | 29 | 2.98 | 2.98 | 2.97 | 2.96 | 52 | 57 | 4.59 | 4.50 | 4.37 | 4.18 | 80 and over | 85 and over | 10.39 | 8.26 | 6.47 | 5.26 |
| 25 | 30 | 3.01 | 3.01 | 3.00 | 2.99 | 53 | 58 | 4.69 | 4.60 | 4.44 | 4.24 | | | | | | |
| 26 | 31 | 3.04 | 3.04 | 3.03 | 3.02 | 54 | 59 | 4.80 | 4.69 | 4.52 | 4.30 | | | | | | |
| 27 | 32 | 3.08 | 3.08 | 3.07 | 3.05 | 55 | 60 | 4.91 | 4.79 | 4.60 | 4.36 | | | | | | |
| 28 | 33 | 3.11 | 3.11 | 3.09 | 3.08 | 56 | 61 | 5.02 | 4.90 | 4.69 | 4.41 | | | | | | |
| 29 | 34 | 3.14 | 3.14 | 3.12 | 3.11 | 57 | 62 | 5.15 | 5.01 | 4.77 | 4.47 | | | | | | |
| 30 | 35 | 3.18 | 3.18 | 3.16 | 3.15 | 58 | 63 | 5.28 | 5.12 | 4.86 | 4.53 | | | | | | |
| 31 | 36 | 3.22 | 3.22 | 3.20 | 3.18 | 59 | 64 | 5.42 | 5.23 | 4.94 | 4.59 | | | | | | |
| 32 | 37 | 3.27 | 3.26 | 3.24 | 3.22 | 60 | 65 | 5.56 | 5.35 | 5.03 | 4.64 | | | | | | |
| 33 | 38 | 3.31 | 3.30 | 3.28 | 3.25 | 61 | 66 | 5.72 | 5.48 | 5.12 | 4.70 | | | | | | |
| 34 | 39 | 3.36 | 3.34 | 3.32 | 3.29 | 62 | 67 | 5.87 | 5.61 | 5.21 | 4.75 | | | | | | |

*Also applies to younger ages

### TERM LIFE POLICY
See Schedule for Premiums and Amounts of Insurance
Premiums Payable during Insured's Lifetime as Shown in Schedule
Premium Subject to Change
But Will Not Exceed Specified Maximum Premium
Insurance Payable at Death prior to Expiry Date
Amounts of Insurance May Vary as Shown in Schedule
Nonparticipating - No Dividends

8

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504

## POLICY DELIVERY ACKNOWLEDGMENT

Insured(s)  **TEENA  KAMAL**                    Policy Number      **9,814,464**

By signing below, I confirm that on the Date of this Acknowledgment: (1) the Policy identified by
the number above was delivered to me; (2) the first modal premium for this Policy was paid; and (3)
all persons proposed for insurance under this Policy were living and insurable as described in each
part of the application for this Policy.

Coverage under this Policy will begin on the date this Acknowledgment is signed and given to a
Company representative along with the first modal premium payment provided all persons proposed
for insurance under this Policy are living and insurable as described in each part of the application
for this Policy.

Signed at ___MARLBORO, MASS___ on ___12/8/06___

City/State                                        Date of this Acknowledgment

_____
Signature of Owner

**Please sign and date both copies of this Acknowledgment.  Return one copy along with the pre-
mium payment and any other delivery requirements.**

Form No. PDA1-01

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504


DECEMBER 20, 2006

TEENA KAMAL
22 ROBERTS ROAD
MARLBOROUGH MA
01752


NOTICE TO POLICY OWNER


RE: POLICY NUMBER -    9,814,464
    INSURED -        TEENA KAMAL


Dear  TEENA KAMAL                          :

As explained in the endorsement attached to your policy, we are notifying you of your policy date, the date from which premiums were charged.

The Policy Date of Policy Number  9,814,464  is  12/08/2006 .

Attached is a new policy schedule. Please place the new schedule page(s) and this letter with your policy in order to maintain a complete record of your insurance coverage.

Should you have any questions, please feel free to contact this office.


LB


cc:  G3101      BSI INC

S C H E D U L E

| Benefit | Annual Premium | Premium Period |
|---|---|---|
| Level Term Life Base Policy | $    987.50* | 30 YEAR(S) |

*Subsequent premiums are shown in the section of this Schedule entitled Table of Premiums and Amounts of Insurance.

Expiry Date DECEMBER  8, 2067  (No insurance will be provided under this Policy on or after this date.)

DECEMBER  8, 2036 Exchange Date

*Premium
Due Dates 8TH DAY OF EACH MONTH

Beneficiary AS DESIGNATED IN THE          PREFERRED BEST Premium
APPLICATION OR AS SUBSEQUENTLY  NO NICOTINE USE Classification
CHANGED BY THE OWNER

Owner AS DESIGNATED IN THE                    Age Nearest
APPLICATION OR AS SUBSEQUENTLY          37 F Birthday
CHANGED BY THE OWNER

Insured TEENA KAMAL                    9,814,464 Policy Number

DECEMBER  8, 2006 Policy Date

Total
Initial
Premium $86.41                 NOVEMBER 28, 2006 Date of Issue

*Please note that, if a Premium Due Date falls on the 29th, 30th or 31st of a month that does not contain one of these dates, the premium due date will be the first day of the following month.

Form No. 1420-S-30 (LT)(REV.8/00)        3

```
        S C H E D U L E   *CONTINUED*        Pol No  9,814,464
```

### Table of Premiums and Amounts of Insurance

#### Premiums

The Annual Premium is the annual premium the Company anticipates will be payable at the beginning of the policy year.  The premiums payable are subject to change, but the annual premium payable for a policy year will never exceed the Maximum Annual Premium shown in this Table for that year.

Any change in premium will be due to the Company's re-evaluation of expected future mortality, interest, expenses, or persistency.  The Company's past experience will not be a factor in any change in premium.

Change will be applied uniformly to a class of insureds.  Class will be determined by the following: issue age and sex, premium classification, amount of insurance, and/or the number of years the insurance has been in force.  The Company will mail notice of any change in premium.  Premiums will not be changed more than once a year.  A change will not affect the nonforfeiture values.

The deterioration of the Insured's health will not cause a change in the premium or the premium classification.

Rider premiums and the Policy Fee referenced below are included in the premiums.

| Policy Year | Annual Premium | Maximum Annual Premium | Policy Year | Annual Premium | Maximum Annual Premium |
|---|---|---|---|---|---|
| 1 $ | 987.50 | 987.50 | 26 $ | 987.50 | 987.50 |
| 2 | 987.50 | 987.50 | 27 | 987.50 | 987.50 |
| 3 | 987.50 | 987.50 | 28 | 987.50 | 987.50 |
| 4 | 987.50 | 987.50 | 29 | 987.50 | 987.50 |
| 5 | 987.50 | 987.50 | 30 | 987.50 | 987.50 |
| 6 | 987.50 | 987.50 | 31 | 4,400.00 | 41,075.00 |
| 7 | 987.50 | 987.50 | 32 | 7,800.00 | 44,700.00 |
| 8 | 987.50 | 987.50 | 33 | 11,212.50 | 48,575.00 |
| 9 | 987.50 | 987.50 | 34 | 14,612.50 | 53,050.00 |
| 10 | 987.50 | 987.50 | 35 | 18,025.00 | 58,400.00 |
| 11 | 987.50 | 987.50 | 36 | 21,425.00 | 65,025.00 |
| 12 | 987.50 | 987.50 | 37 | 24,137.50 | 73,100.00 |
| 13 | 987.50 | 987.50 | 38 | 27,337.50 | 82,600.00 |
| 14 | 987.50 | 987.50 | 39 | 31,137.50 | 93,350.00 |
| 15 | 987.50 | 987.50 | 40 | 35,587.50 | 105,150.00 |
| 16 | 987.50 | 987.50 | 41 | 40,825.00 | 117,825.00 |
| 17 | 987.50 | 987.50 | 42 | 46,925.00 | 131,375.00 |
| 18 | 987.50 | 987.50 | 43 | 53,975.00 | 146,175.00 |
| 19 | 987.50 | 987.50 | 44 | 62,025.00 | 162,850.00 |
| 20 | 987.50 | 987.50 | 45 | 70,337.50 | 181,950.00 |
| 21 | 987.50 | 987.50 | 46 | 79,550.00 | 204,025.00 |
| 22 | 987.50 | 987.50 | 47 | 89,687.50 | 229,450.00 |
| 23 | 987.50 | 987.50 | 48 | 100,775.00 | 257,625.00 |
| 24 | 987.50 | 987.50 | 49 | 118,487.50 | 288,500.00 |
| 25 | 987.50 | 987.50 | 50 | 157,437.50 | 321,500.00 |

S C H E D U L E  *CONTINUED*      Pol No  9,814,464

Premiums (continued)

| Policy Year | | Annual Premium | | Maximum Annual Premium |
|---|---|---|---|---|
| 51 | $ | 210,162.50 | $ | 356,825.00 |
| 52 | | 248,575.00 | | 394,075.00 |
| 53 | | 283,400.00 | | 433,825.00 |
| 54 | | 340,837.50 | | 476,025.00 |
| 55 | | 359,750.00 | | 521,500.00 |
| 56 | | 378,337.50 | | 571,550.00 |
| 57 | | 396,525.00 | | 628,550.00 |
| 58 | | 414,162.50 | | 698,325.00 |
| 59 | | 505,712.50 | | 793,350.00 |
| 60 | | 551,162.50 | | 939,400.00 |
| 61 | | 596,025.00 | | 1,009,362.50 |

Modal Premium Factors and Annual Percentage Rates(APR) where payment is made other than annually:

| | Modal Factors | APR |
|---|---|---|
| Semiannually | .51 | 8.2% |
| Quarterly | .26 | 10.8% |
| Monthly Bank Draft | .0875 | 10.8% |

Policy Fee:  Not to exceed $50 annually; included within the above premium amounts.

Form No. 1420-S-30 (LT) (REV.8/00)      4A

S C H E D U L E   *CONTINUED*       Pol No  9,814,464

## Amounts of Insurance

The Amount of Insurance is the amount provided by the base policy.   It
remains level throughout the Period shown.

|                            | Amount of Insurance |
|----------------------------|---------------------|
| Period                     |                     |
| Policy Years 1 — 61        | $ 1,250,000         |

**First Colony Life Insurance Company**

Home Office
700 Main Street
Lynchburg, VA 24504


DECEMBER 20, 2006

TEENA KAMAL
22 ROBERTS ROAD
MARLBOROUGH MA
01752


NOTICE TO POLICY OWNER


RE: POLICY NUMBER -    9,814,464
    INSURED -          TEENA KAMAL


Dear  TEENA KAMAL                                :

As explained in the endorsement attached to your policy, we are notifying you of your
policy date, the date from which premiums were charged.

The Policy Date of Policy Number  9,814,464  is  12/08/2006 .

Attached is a new policy schedule. Please place the new schedule page(s) and this letter
with your policy in order to maintain a complete record of your insurance coverage.

Should you have any questions, please feel free to contact this office.


LB


cc:  G3101      BSI INC

EXHIBIT "B"

LEGAL\45776285\1

## Recipient Information

**To: Genworth**
**Company: Genworth Life Insurance**
**Fax #: 18883253299**



## Sender Information

**From: Teena Kamal**
**Email address:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Phone #:** ▮▮▮▮▮▮▮▮
**Sent on: Sunday, December 24 2023 at 3:40 PM EST**


Dear Sir/Madam,

Attached please find my Beneficiary Designation Request.

Thanks,
Teena Kamal
Policy #9814464

# Genworth

Genworth Life and Annuity
Genworth Life
Genworth Insurance Company
Genworth Life of New York
P.O. Box 40016
Lynchburg, VA 24506-4016
Tel: 888 325 5433
Fax: 888 325 3299

## Beneficiary Designation Request for Life Insurance Policies

from Genworth Life and Annuity Insurance Company,
Genworth Life Insurance Company, Genworth Insurance Company
and Genworth Life Insurance Company of New York*

*Only Genworth Life Insurance Company of New York is licensed in New York.

Page 1 of 2

## Section I – Policy information

**Policy number**
· 9814464

| **Insured** Name · Teena Kamal | **Insured** Birth Date | **Insured** SSN | **Insured** Telephone Number |
|---|---|---|---|

**Insured** Mailing Address
· 8 Wilsons Way Dover MA 02030

**Insured** Email Address

Current **Owner** Name *(if different from the insured)*
·

| **Owner** birth/trust date · | **Owner** SSN · | **Owner** Telephone Number · |
|---|---|---|

**Owner** Mailing Address
·

**Owner** Email Address
·

## Section II – Beneficiary designation

**All beneficiary changes MUST include the designation of a Primary beneficiary.** Even if you only want to change the Contingent beneficiary, you must restate the Primary beneficiary in the Primary beneficiary section. **Designations must be made in percentages. If not stated, designations will be made in equal shares.**

To designate more than 5 primary or 2 contingent beneficiaries, or for designations that require more space (such as Tertiary beneficiary), attach a separate sheet with all designation requirements and policy number. The sheet must be signed and dated with the same date as this form.

| | Birth date/trust date | SSN/TIN | **Percent** |
|---|---|---|---|
| **1. Primary beneficiary** full legal name · Rakesh Kamal | | | ·50 |
| Mailing Address · 8 Wilsons Way Dover, MA 02030 | Relationship to Insured ·Husband | Telephone Number · | |
| **2. Primary beneficiary** full legal name · Ananna Grace Kamal | Birth date/trust date | SSN/TIN | **Percent** ·50 |
| Mailing Address · 8 Wilsons Way Dover, MA 02030 | Relationship to Insured · Daughter | Telephone Number | |
| **3. Primary beneficiary** full legal name · | Birth date/trust date · | SSN/TIN · | **Percent** · |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |
| **4. Primary beneficiary** full legal name · | Birth date/trust date · | SSN/TIN · | **Percent** · |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |
| **5. Primary beneficiary** full legal name · | Birth date/trust date · | SSN/TIN · | **Percent** · |
| Mailing Address · | Relationship to Insured · | Telephone Number · | |

·  **The sum total of primary beneficiary designation MUST equal 100%**

Total % = _____   ____

Beneficiary Designation Request for Life Insurance Policies

Page 2 of 2

## Section II – Beneficiary designation *Continued*

| 1. Contingent beneficiary full legal name | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| • Manoj Kamal | | | • 100 |
| Mailing Address | Relationship to Insured | Telephone Number | |
| • 9 Wimbledon Circle. Waltham. MA 02451 | • Brother in law | | |

| 2. Contingent beneficiary full legal name | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| • | • | • | • |
| Mailing Address | Relationship to Insured | Telephone Number | |
| • | • | • | |

| 3. Contingent beneficiary full legal name | Birth date/trust date | SSN/TIN | Percent |
|---|---|---|---|
| • | • | • | • |
| Mailing Address | Relationship to Insured | Telephone Number | |
| • | • | • | |

The sum total of contingent beneficiary designation MUST equal 100%      Total % = _____

## Section III – OWNERS MUST SIGN AND DATE BELOW. *See instructions page for signing instructions and documentation requirements.*

IF YOU ARE SIGNING AS OTHER THAN AN INDIVIDUAL, YOU MUST INDICATE CAPACITY AND PROVIDE REQUIRED CERTIFICATION OR DOCUMENTATION. BY SIGNING, YOU

- Certify that you have the authority as the owner or in the capacity indicated to exercise the rights, privileges, options and benefits under the policy listed; and you understand and agree that we are not obligated to verify that you are acting within your approved authority when you exercise these rights;
- Jointly and severally indemnify and hold us harmless from any liability for acting according to your instructions;
- Agree to inform us in writing of any change in the information provided in this form;
- Certify under penalty of perjury that the statements and answers given on this form are true, complete and correct to the best of your knowledge and belief;
- Declare that no bankruptcy proceedings are now pending against you and you are not subject to back-up withholding; and
- Understand that the designations on this form will not be effective unless all designation requirements are completed.
- In states requiring that an insurable interest exist on the transfer of life insurance policies, you
  - Agree that only those who have an insurable interest in the life of the Insured are now, can or will be beneficiaries of the policy or trust
  - Have not, and will not, transfer for consideration any interest in the policy to any party who has no insurable interest in the insured.

| **Current owner** *Required* | Date | **Capacity** *If applicable* ○ Trustee ○ Guardian |
|---|---|---|
| X | •12/20/2023 | ○ Power of Attorney ○ Title/officer: |
| **Joint owner** *If applicable, required* | Date | **Capacity** *If applicable* ○ Trustee ○ Guardian |
| X | • | ○ Power of Attorney ○ Title/officer: |
| **Other** *If applicable* | Date | **Capacity** *If applicable* ○ Trustee ○ Guardian |
| X | • | ○ Power of Attorney ○ Title/officer: |
| **Other** *If applicable* | Date | **Role** *If applicable* |
| X | • | ○ Collateral Assignee ○ Irrevocable Beneficiary |
| **MA Witness** | | Date |
| X | | •12/20/2023 |
| **Spouse's signature** if in a community property state (AZ, CA, ID, LA, NV, NM, TX, WA, WI) | | Date |
| X | | • |

SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE   FIRMA DEL TITULAR

PASSPORT
PASSEPORT
PASAPORTE
USA

UNITED STATES OF AMERICA
Type / Type / Tipo   Code / Código   Passport No / No. du Passport / No. de Pasaporte
P   USA
Surname / Nom / Apellidos

KAMAL
Given Names / Prénoms / Nombres
TEENA
Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA
Date of birth / Date de naissance / Fecha de nacimiento

Place of birth / Lieu de naissance / Lugar de nacimiento
INDIA
Date of issue / Date de délivrance / Fecha de expedición
01 Nov 2018
Date of expiration / Date d'expiration / Fecha de caducidad
31 Oct 2028
Endorsements / Mentions Spéciales / Anotaciones
SEE PAGE 27

Sex / Sexe / Sexo
F
Authority / Autorité / Autoridad
United States
Department of State

USA

P<USAKAMAL<<TEENA<<<<<<<<<<<<<<<<<<<<<<<<<<<

EXHIBIT "C"

# Genworth※

**Proof of Loss Claimant Statement – Life Insurance**
from Genworth Life and Annuity Insurance Company,
Genworth Life Insurance Company, and
Genworth Life Insurance Company of New York [1]

Genworth Life & Annuity
Genworth Life
Genworth Life of New York
P.O. Box 10719
Lynchburg, VA 24506
**For EXPRESS Mailing ONLY:**
Attn. Life & Annuity Claims Department
3100 Albert Lankford Drive
Lynchburg, VA 24501
Tel: 888.325.5433
Fax. 434.948.5783
lynlifeclaims@genworth.com

**Page 1 of 5**
- Complete this form to request life insurance benefit payment.
- Submit the following documents so we can process your claim:
  - a separate claimant statement for each beneficiary
  - a certified death certificate indicating the insured's cause and manner of death
- Other documents may be required depending on the specific circumstances of your claim.
- Please refer to our frequently asked questions at genworth.com.

---

**1. Policy number(s)**
List the policy number(s) for all policies under which you are making a claim.

Policy number(s) under which you are making a claim
· 9814464 ·
· · ·

---

**2. Decedent information**
The person who has died.

Full name *first, middle, maiden, last (suffix, e.g Jr., III if applicable)*
· Teena Kamal
Other names *under which the decedent was known*
·

Resident address *at time of death*
· 8 Wilson's Way
City Dover          State MA          ZIP code · 02030
Date of birth ·     Date of death · 12 28 2023
Manner of death *Select one*
○ Natural    ○ Accidental    ○ Suicide    ☒ Homicide

---

**3. Beneficiary/claimant information**
If the beneficiary/claimant is a trust, provide name of each current trustee and indicate capacity of each trustee. Example: Sole current trustee or co-trustee. Each current trustee will be required to sign on page 3 unless the trust document confers on one trustee the authority to act alone; if so, the trust document is required to verify authority.

Attach a separate sheet if more space is required for additional trustee names.

Federal income tax withholding is based on IRS Form W-4P if an annuity income option is selected on page 2.

Full beneficiary name, trust name and date of trust or estate    SSN/Trust or Estate Tax ID Number
· MANOJ KAMAL                                      ·
Trustee name *if applicable*              Trustee name *if applicable*
· ·
Trustee name *if applicable*              Trustee name *if applicable*
· ·
Address
· 9 Wimbledon Circle
City, State/State in which trust was established       ZIP code
· Waltham, MA                                    · 02451
Date of birth/Date of trust agreement    Trust amendment dates *if any*
· ·
Phone number              Email
·
Amendment dates *if any*       Relationship to deceased
· ·                            · Brother in Law

---

**Payment mailing address**
Provide the address to which payment(s) should be sent if different from the claimant address provided above.

Name *(include business/entity name of addressee, if applicable)*
·
Address
·
City                       State        ZIP code
·                          ·            ·

---

**Form must be signed on page 3.**
44119CL 03/15/21

[1] Only Genworth Life Insurance Company of New York is admitted in and conducts business in New York.

Proof of Loss Claimant Statement for Life Insurance

Page 2 of 5

## 4. Payment of proceeds

The death benefit portion of this option is not taxable. Any interest paid may be taxable.

Death proceeds are paid in one sum unless an alternate settlement option is chosen. Refer to your policy or contact our office using the information above if a settlement option other than one sum is desired. Before electing an alternate settlement option you may wish to contact a tax advisor.

⊗ **Check here to confirm payment of the entire amount available in a check format**

⊗ Check here to have your check sent via Federal Express®. The applicable Federal Express ® fee will be withheld from your death benefit. A physical address is required. Federal Express® cannot deliver to a Post Office Box.

⚠ **VA Residents** We mail claim checks to attorneys who have represented you during the claims process, and to other representatives at your request. Upon payment of at least $5,000 in a single check that is mailed to an attorney *licensed in the Commonwealth of Virginia,* or other representative, we are required to send you a notice of such payment, unless you waive this right. A copy of the required notice will be sent simultaneously to your attorney or representative.

Please choose one of the following:

◯ I waive my right to receive notice as outlined above. I will follow up with my attorney or representative for my payment on my own.

◯ Please send me notice of payment. This notice will only be sent in the circumstances outlined above.

---

## Substitute Form W-9 *(an official IRS Form W-9 with instructions is available by download at IRS.gov)*

⚠ **If you are not a U.S. citizen or other U.S. taxpayer,** do not complete this section. You must provide an IRS Form W-8BEN (individual), W-8BEN-E (non-individual), or another applicable IRS form to document your foreign status in order to prevent 30% mandatory withholding. If you do provide the appropriate signed W-8Ben form to us, tax withholding may be as low as 0% and will range up to 30%, depending on any applicable treaty or other agreement.

You must cross out item 2, if you have been notified by the IRS that you are currently subject to backup withholding because of a failure to report all interest and dividends on your tax return.

The Foreign Account Tax Compliance Act (FATCA) is a Federal tax regulation that extends existing reporting requirements to require Foreign Financial Institutions to comply with IRS request of withholding and reporting on U.S. and unidentified account holders.

IRS regulations require certification of FATCA exemption. FATCA codes apply to certain entities, not individuals.

Check appropriate box for federal tax classification:

⊗ Individual/Sole Proprietor   ◯ C Corporation   ◯ S Corporation
◯ Partnership                  ◯ Trust/Estate
◯ Limited liability company
   Enter the tax classification (C=C corporation, S=S corporation, P=partnership) _____
◯ Other *(see W-9 instructions)* _____
Exemption Code(s) *(see form W-9 instructions; generally not applicable to individuals)* _____

**Under penalties of perjury,** *I certify that:*

1. The number shown on this form (on page 1) is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because:

   (a) I am exempt from backup withholding, or

   (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or

   (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined in the form W-9 instructions).

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Form must be signed on page 3.
44119CL 03/15/21

Proof of Loss Claimant Statement for Life Insurance

Page 3 of 5

---

## Declaration and signature(s)

The Genworth companies listed at the top of page 1 are referred to as "us," "our" and "we" in this section.

The claimant is referred to as "you" and "your" in this section.

**By signing below, you:**

- Make claim to the proceeds and declare that you have the authority to claim in the capacity you have indicated.
- Declare that all answers recorded in this proof of loss claimant's statement are true and complete.
- Declare the original and any duplicates or certificates of each policy listed in the Policy information section on page 1 to be lost or otherwise unavailable unless sent to us with this proof of loss claimant's statement.
- Agree that our furnishing of this proof of loss statement and any supplemental forms is not an admission that insurance was in force on the Decedent's life nor a waiver of our rights or defenses.

**Current trustee certification**

If signing as a current trustee, you additionally:

- Declare that the named trust is in full force and effect, without change, except as noted.
- Declare that you are a current Trustee of the named trust and have not resigned or been replaced.
- Declare that you are acting within the scope of the authority conferred on you by the named trust.
- Agree that we have no obligation to verify that the named trust is in effect or that you are acting within the scope of your authority.

---

Please see the **"State fraud notices"** section on page 5 for additional information.

Laws in your state may make it a crime to fill out this form with information you know is false or to omit important facts. Criminal and/or civil penalties can result.

For your protection, the state of **New York** laws require that we provide you with the following statement:

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

---

If you are signing as a fiduciary or representative, you must sign in capacity with title in which you are claiming.

SIGN HERE → X _____    . 1 / 17 / 24

**Beneficiary/claimant signature (Signature is MANDATORY)**    **Date Signed**

- ⦿ Individual/self    ○ Sole trustee    ○ Co-trustee    ○ Executor/executrix
- ○ Personal representative    ○ Administrator
- ○ Custodian    ○ Other _____

---

See **Special beneficiary/ claimant Information and signing in capacity Instructions** on page 4 for details.

SIGN HERE → X _____

**Beneficiary/claimant signature**    **Date Signed**

- ○ Personal representative    ○ Executor/executrix
- ○ Custodian    ○ Administrator
- ○ Co-trustee    ○ Other _____

EXHIBIT "D"

| SURVIVING SPOUSE, CHILDREN, HEIRS AT LAW<br>G. L. c. 190B, § 3-301 | Docket No.<br>24P0043EA | Commonwealth of Massachusetts<br>The Trial Court<br>Probate and Family Court |
|---|---|---|

☒ Original Form          ☐ Amended Form

| Estate of:<br><br>　　Teena　　　　　　　　　　Kamal<br>First Name　　　Middle Name　　　Last Name<br><br>Date of Death: **December 28, 2023** | Norfolk　FILED<br>JAN 1 0 2024<br>NORFOLK PROBATE COURT　Division |
|---|---|

**FORM USE:** This form must be used to identify a Decedent's surviving spouse, children and heirs at law. Heirs at law are persons entitled to receive the Decedent's property under the intestacy succession laws if there is no will. For dates of death on or after March 31, 2012, the Massachusetts Uniform Probate Code, G. L. c. 190B, § 2-101, et seq., should be consulted. For deaths prior to that date, see applicable law.

**Instructions:** Complete ALL applicable sections of this form. For step by step instructions on how to complete this form, click on the instructions link above or see Instructions MPC 958.

**ALL PETITIONERS MUST COMPLETE LINE 1 AND LINE 2.**

1. The Decedent  ☒ did not leave a surviving spouse.   ☐ left a **surviving** spouse:

| NAME OF SURVIVING SPOUSE | ADDRESS (*omit if since deceased*) |
|---|---|
|  |  |

2. a. The Decedent ☐ did not have children (*biological or adopted*). ☒ had the following children (*biological or adopted*):

| NAME OF DECEDENT'S CHILD | ADDRESS (*omit if deceased*) | CHILD OF SURVIVING SPOUSE | A MINOR |
|---|---|---|---|
| Arianna Kamal |  | ☐ Yes  ☐ No | ☐ Yes |
|  |  | ☐ Yes  ☐ No | ☐ Yes |
|  |  | ☐ Yes  ☐ No | ☐ Yes |

　　☐ b.　The surviving spouse has surviving descendants (children, grandchildren, etc.) who are **not** descendants of the Decedent.

**Complete line 3 ONLY if the Decedent left children in line 2a who are also heirs at law.**

3.　☐ a.　All of the children listed in 2a **survived** the Decedent.

　　☒ b.　The following children listed in 2a died **before** the Decedent:

| NAME OF PREDECEASED CHILD | DATE OF DEATH |
|---|---|
| Arianna Kamal | 12/28/2023 |

　　c.　The predeceased child(ren) listed in 3b:

　　　　☒ did not leave surviving descendants (children, grandchildren, etc.) (*biological or adopted*).

　　　　☐ left the following surviving descendants (children, grandchildren, etc.) (*biological or adopted*):

| NAME OF SURVIVING DESCENDANT OF PREDECEASED CHILD | ADDRESS (omit if since deceased) | RELATIONSHIP TO DECEDENT | A MINOR |
|---|---|---|---|
| | | | ☐ Yes |
| | | | ☐ Yes |

**Complete line 4 ONLY if the Decedent left NO surviving descendants (children, grandchildren, etc.). Otherwise STOP and go to line 7 and line 8.**

4.   The Decedent   ☐   did not leave a surviving parent.   ☒   left a surviving parent or parents:

| NAME OF SURVIVING PARENT(S) | ADDRESS (omit if since deceased) |
|---|---|
| Rajwant Bedi | 487, Model Town, Karnal, Haryana - 132001, India |
| Tejpal Singh Bedi | 487, Model Town, Karnal, Haryana - 132001, India |

**For deaths on or after March 31, 2012:**

**Complete line 5 ONLY if the Decedent left NO surviving spouse, descendants (children, grandchildren, etc.) or parents. Otherwise STOP and go to line 7 and line 8.**

**For deaths prior to March 31, 2012:**

**Complete line 5 ONLY if the Decedent left NO surviving descendants (children, grandchildren, etc.) or parents. Otherwise STOP and go to line 7 and line 8.**

5.   a.   The Decedent   ☐   did not leave a surviving sibling.   ☐   left the following surviving sibling(s) (*biological or adopted, whole or half-blood*):

| NAME OF SURVIVING SIBLING | ADDRESS (omit if since deceased) | A MINOR |
|---|---|---|
| | | ☐ Yes |
| | | ☐ Yes |

b.   ☐   One or more of the Decedent's siblings died **before** the Decedent and left surviving descendants (*biological or adopted*):

| NAME OF SURVIVING DESCENDANT OF PREDECEASED SIBLING | ADDRESS (omit if since deceased) | RELATIONSHIP TO DECEDENT | A MINOR |
|---|---|---|---|
| | | | ☐ Yes |

**For deaths on or after March 31, 2012:**

**Complete line 6 ONLY if the Decedent left NO surviving spouse, descendants (children, grandchildren, etc.), parents, siblings or descendants of any predeceased sibling. Otherwise STOP and go to line 7 and line 8.**

**For deaths prior to March 31, 2012:**

**Complete line 6 ONLY if the Decedent left NO surviving descendants (children, grandchildren, etc.), parents, siblings or descendants of any predeceased sibling. Otherwise STOP and go to line 7 and line 8.**

6.   List the heirs as defined by the law in effect on the Decedent's date of death. (*Select one*):

☐   The heirs at law are as follows:
*For assistance, see the Instructions and the Massachusetts Degree of Kinship Chart (MPC 960).  See also line 7 and line 8.*

| NAME OF HEIR | ADDRESS *(Omit if since deceased)* | RELATIONSHIP TO DECEDENT | A MINOR |
|---|---|---|---|
| | | | ☐ Yes |
| | | | ☐ Yes |

☐ After a reasonable diligent search, the heirs at law are unknown or unascertainable. *(Requires a **formal** proceeding.)*

**ALL PETITIONERS MUST COMPLETE LINE 7 AND LINE 8, if applicable.**

7.   **NONE** of the Decedent's **heirs at law** (surviving spouse, children, etc.) are under a legal disability except for:

| NAME OF HEIR AND RELATIONSHIP TO DECEDENT | LEGAL DISABILITY | REPRESENTED BY * *(Guardian ad litem required unless waived. See Instructions)* | NAME/ADDRESS OF REPRESENTATIVE *(Provide docket number or proof of appointment for any court appointed fiduciary.)* |
|---|---|---|---|
| | ☐ Minor    List age: _____<br>☐ Incapacitated or protected person<br>*(adjudicated or alleged)* | ☐ Guardian<br>☐ Conservator<br>☐ Unrepresented* | |
| | ☐ Minor    List age: _____<br>☐ Incapacitated or protected person<br>*(adjudicated or alleged)* | ☐ Guardian<br>☐ Conservator<br>☐ Unrepresented* | |

8.   **NONE** of the **heirs at law** (surviving spouse, children, etc.) who survived the Decedent are deceased **at the time of this filing** except for:

| NAME OF SINCE DECEASED HEIR AND RELATIONSHIP TO DECEDENT | DATE OF DEATH | REPRESENTED BY | NAME/ADDRESS OF REPRESENTATIVE *(Provide docket number or proof of appointment for any court appointed fiduciary.)* |
|---|---|---|---|
| | | ☐ Personal Representative<br>*(**Required** for an **informal** proceeding)*<br>☐ Unrepresented<br>*(**Formal** proceeding required)* | |
| | | ☐ Personal Representative<br>*(**Required** for an **informal** proceeding)*<br>☐ Unrepresented<br>*(**Formal** proceeding required)* | |

---

# SIGNED UNDER THE PENALTIES OF PERJURY

I certify under the penalties of perjury that the foregoing statements are true to the best of my knowledge and belief.

Date: _JAN 8th 2024_

_____
Signature of Petitioner

_____
**Sandeep Bedi**
(Print name)