United States District Court
District of Massachusetts

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>      v.<br><br>MANOJ KAMAL et al.,<br><br>           Defendants. | Civil Action No.<br>24-10851-NMG |

MEMORANDUM & ORDER

GORTON, J.

In this previously settled lawsuit regarding life insurance, nTech Connect, Inc. ("nTech") moves to intervene under Fed. R. Civ. P. 24(a). In response, plaintiff Genworth Life and Annuity Insurance Company ("Genworth") moves to reopen the case because its ability to consummate the agreed upon settlement has been frustrated by the prospective intervention. For the reasons that follow, the motion to intervene will be denied and the motion to reopen will, accordingly, be denied as moot.

Under Rule 24, parties may seek intervention either by right or by permission. nTech seeks to intervene as a matter of right. To succeed on a motion to intervene as of right, the would-be intervenor must demonstrate that 1) the motion is

- 1 -

timely, 2) the would-be intervenor has an interest in the pending action, 3) it will be unable to protect its interest without intervention, and 4) its interest is not already adequately represented by a party to the case. See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009) (citing Fed. R. Civ. P. 24(a)). An inability to satisfy all four of these conditions "dooms intervention" from the start. Id. (citing Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998)).

Whether a motion to intervene is timely is an "inherently fact-sensitive" inquiry that "depends on the totality of the circumstances." Id. The determination of timeliness thus falls within the district court's sound discretion. Id. at 4. The First Circuit has articulated that timeliness must, however, be considered "in light of the posture of the case at the time the motion [to intervene] is made," considering factors such as

> (i) the length of time that the . . . intervenor knew that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the . . . intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention.

Id. (citing Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008)). "The most important factor is the length of time that the putative intervenor knew or reasonably should have known that his interest was imperiled before he designed to seek

intervention." Candelario-Del-Moral v. UBS Fin. Servs., Inc. of P.R., 746 F.3d 30, 35 (1st Cir. 2014); cf. Maxum Indem. Co. v. Thermax, Inc., No. CV 19-10583-NMG, 2020 WL 9743896, at *15 (D. Mass. Jan. 7, 2020) (considering also time between filing of complaint and motion to intervene). If, however, a case's posture is such that it has already been settled and will need thus to be reopened, the First Circuit requires intervention to be "regarded with particular skepticism." Id. (citing Banco Popular v. Greenblatt, 964 F.2d 1227, 1231(1st Cir. 1992)).

Here, the timeliness of the motion, based on the time nTech knew or reasonably should have known of its interest, favors nTech. Even assuming (as Genworth argues) that nTech first learned of its potential interest in this case on July 10, 2024, the time between that date and nTech's motion only amounts to roughly one month, a timespan which has not been found to be unduly short. Cf. In re Intuniv Antitrust Litig., No. 1:16-CV-12653-ADB, 2023 WL 2662173, at *14 (D. Mass. Mar. 15, 2023) (permitting intervention despite party's seven-month delay).

Despite this short timespan, the Court finds that Genworth would be seriously prejudiced by nTech's intervention and thus consideration of prejudice strongly favor Genworth. To permit nTech to intervene in this case after all of the parties have reached a settlement and this Court has approved it would be the pinnacle of prejudice to Genworth. Compare Students for Fair

Admissions, Inc. v. President of Harvard Coll., 308 F.R.D. 39, 46 (D. Mass. 2015) (where because the case was in "very early stages of discovery" the existing parties were not prejudiced); Travelers Indem. Co. v. Bastianelli, 250 F.R.D. 82, 85 (D. Mass. 2008) (highlighting fact that case had not moved beyond phase of initial dispositive motions to find lack of prejudice to existing parties), with Suntrust Bank v. Lodge Constr., Inc., No. 13-80156-CIV, 2013 WL 12085083, at *2 (S.D. Fla. Dec. 5, 2013) (finding that, where invention would disrupt prior settlement agreement, "the harm that intervention would work to the . . . parties is obvious").

In addition, permitting nTech to intervene in this case after it has been closed would be contrary to the goal of preventing "disruptive, late-stage intervention." Id. at 9. This after-the-fact claim by nTech to assets already awarded to plaintiff and attempted nullification of a previously assented to settlement in a case now closed provides the Court ample reason to be skeptical. See UMB Bank, N.A. v. City of Cent. Falls, No. CV 19-182WES, 2022 WL 17485809, at *4 (D.R.I. Dec. 7, 2022) (declining intervention where existing parties already reached settlement (citing R & G Mortg. Corp., 584 F.3d at 7)); see also Seneca Res. Corp. v. Twp. of Highland, 863 F.3d 245, 253 n.8 (3d Cir. 2017) ("[A] party is entitled to settle its lawsuit without inviting intervenors."); cf. In re Lease Oil

Antitrust Litig., 570 F.3d 244, 249-50 (5th Cir. 2009) (permitting intervention despite previous settlement agreement because it would not reopen case or impact prior settlement).

nTech relies on the fact that this Court granted the parties 45 days to reopen and that the settlement has not yet been consummated but neither the First Circuit nor other courts have found it necessary for a settlement to have been consummated to decline intervention. Cf. R & G Mortg. Corp., 584 F.3d at 10 (noting intervention is "rarely" allowed once parties reach settlement agreement); accord Sierra Club v. U.S. Env't Prot. Agency, No. CV 3:24-0130, 2024 WL 3625682, at *14 (S.D.W. Va. Aug. 1, 2024) (recognizing that it is "rare" for courts to permit intervention after case has already reached settlement proceedings) (citing Sierra Club v. U.S. Env't Prot. Agency, 358 F.3d 516, 518 (7th Cir. 2004)).

nTech also asserts that it would be prejudiced if not permitted to intervene based upon its claims against Rakesh Kamal, the widower of deceased defendant Teena Kamal, but such assertions do not outweigh the potential prejudice to Genworth. nTech admits that it is "unclear" whether Kamal's estate has sufficient assets to satisfy its judgment and that the insurance proceeds at issue in this case "could be" a significant asset to which nTech "may" be entitled. Without a more affirmative showing of actual prejudice, its claim is unavailing. See R&G

- 5 -

Mortg. Corp., 584 F.3d at 10 (holding putative intervenor would not be prejudiced by denial of intervention because there was possibility it had "adequate remedy" by other means).

                                ORDER

For the foregoing reasons, nTech's motion to intervene (Docket No. 18) is **DENIED**.  Genworth's motion to reopen (Docket No. 28), which was contingent upon its concerns that nTech's intervention would disrupt consummating the prior settlement, is **DENIED**.

The existing parties to this matter are to consummate their agreed-upon settlement pursuant to the Settlement Order of Dismissal (Docket No. 5 entered on August 5, 2024).  This matter is hereby closed.

**So ordered.**


                                    _____
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated:  October 29, 2024