United States District Court
District of Massachusetts

| | |
|---|---|
| Genworth Life & Annuity Insurance Co.,<br><br>    Plaintiff,<br><br>    v.<br><br>Manoj Kamal, et al.,<br><br>    Defendants. | Civil Action No.<br>24-10851-NMG |

MEMORANDUM & ORDER

GORTON, J.

In this interpleader action brought by plaintiff, Genworth Life and Annuity Insurance Co. ("Genworth" or "plaintiff") against defendants, Manoj Kamal and Sandeep Bedi (collectively, "defendants"), this Court previously denied the motion of nTech Connect, Inc. ("nTech") to intervene. Now pending before the Court is the motion of nTech for reconsideration of that order. For the reasons set forth below, the motion to reconsider will be denied.

I. **Background**

This case concerns a life insurance policy owned by the late Teena Kamal. The policy named her husband and daughter as primary beneficiaries and her brother-in-law, defendant, Manoj Kamal, as a contingent beneficiary. In response to concerns over his status as a contingent beneficiary, Genworth filed an

- 1 -

interpleader suit against defendant, Manoj Kamal, and defendant, Sandeep Bedi, as administrator of Teena Kamal's estate, in April, 2024. Four months later, the parties resolved their dispute and this Court entered a settlement order of dismissal. The parties have since filed a written order of settlement.

In the meantime, nTech filed a motion to intervene pursuant to Fed. R. Civ. P. 24, claiming that it was entitled to part of the proceeds of Teena Kamal's life insurance policy based upon its status as a judgment creditor of her husband. This Court denied nTech's motion to intervene and its motion for reconsideration followed.

## II. Legal Standard

Although nTech does not clearly identify the basis of its motion for reconsideration, such relief is available under both Fed. R. Civ. P. 59(e) and 60(b). Banister v. Davis, 590 U.S. 504, 506 (2020). A motion brought under Rule 59(e), subject to the broader standard of relief, must be filed within 28 days of the entry of judgment, while motions under Rule 60(b), subject to the narrower standard, can be brought at any time. When a motion fails to specify its origin, courts presumes it was brought under Rule 59(e) if it was filed within the 28-day time limit. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). In this case, nTech filed its motion on November 8, 2024, 16 days after the order denying

intervention, and thus the Court will presume that Rule 59(e) applies.

Under Rule 59(e), courts have "substantial discretion" and "broad authority" to allow or deny reconsideration. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008). The United States Supreme Court has cautioned, however, that district courts should allow reconsideration only when faced with extraordinary circumstances, such as where the initial order was clearly erroneous and would work a manifest injustice. Lyons v. Fannie Mae, No. 18-10365-ADB, 2019 WL 1961072 at *2 (D. Mass. May 1, 2019) (citing Christianson v. Colt Indus. Operating Corp, 486 U.S. 800, 817 (1988)) (internal punctuation omitted). Reconsideration should therefore only be "used sparingly". Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

To prevail on a motion for reconsideration, the moving party bears the burden to demonstrate either that 1) there has been an intervening change in the law, 2) "new and important evidence," unavailable at the time the previous order was entered, has surfaced or 3) the Court committed a manifest error of law or fact. Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); Caribbean Mgmt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44-45 (1st Cir. 2020) (citing Ira Green, Inc. v. Mil. Sales & Serv. Co., 775 F.3d 12, 28 (1st Cir. 2014)); accord 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure

§ 2810.1 (3d ed. Supp. 2020). Mere disagreement with the reasoning or outcome of a prior order is not an adequate basis for reconsideration and a motion for reconsideration cannot be used simply to "regurgitate old arguments previously considered and rejected." Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006); Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citing Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007)).

### III. Analysis

In its motion for reconsideration, nTech asserts that this Court, in denying the motion to intervene, erred by overemphasizing the prejudice to plaintiff if intervention were allowed. nTech does not assert that 1) there has been an intervening change in the law, 2) this Court made a manifest error of law or 3) new evidence regarding its relationship to this case has surfaced. Instead, nTech disagrees with this Court's decision and attempts to relitigate the issue of whether its motion to intervene after settlement was untimely, neither of which can form the basis of a meritorious motion for reconsideration. See Ofori, 205 F. App'x at 852-53; Biltcliffe, 772 F.3d at 930.

To the extent nTech contends that this Court made an error of fact by finding that post-settlement intervention would result in prejudice, the Court finds that claim unavailing. As

this Court previously explained, a party seeking to intervene must demonstrate that 1) its motion is timely, 2) it has an interest in the pending action, 3) it will be unable to protect its interest without intervention and 4) its interest is not already adequately represented by a party to the case. See R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009) (citing Fed. R. Civ. P. 24(a)). Although timeliness is "fact-sensitive" and depends upon the "totality of the circumstances," a motion to intervene that attempts to reopen a case after the parties had already reached a settlement is "regarded with particular skepticism." R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009).

At the time nTech moved to intervene, the existing parties in this case had executed a settlement agreement, meaning that the timeliness factor weighed heavily against intervention. See id.; see also UMB Bank, N.A. v. City of Cent. Falls, No. CV 19-182WES, 2022 WL 17485809, at *4 (D.R.I. Dec. 7, 2022) (denying motion to intervene where existing parties already reached settlement); accord Suntrust Bank v. Lodge Constr., Inc., No. 13-80156-CIV, 2013 WL 12085083, at *2 (S.D. Fla. Dec. 5, 2013) (finding that, where invention would disrupt prior settlement agreement, "the harm that intervention would work to the . . . parties is obvious"). Only the most compelling circumstances would permit such intervention and nTech presents no such

circumstance here. The mere contention that it might have a claim to the insurance proceeds at issue in this case (a claim nTech admittedly described as "unclear") does not outweigh the necessity of finality and the need to protect the existing parties from the "disruptive, late-stage intervention" nTech seeks. R & G Mortg. Corp., 584 F.3d at 7.

Even if this Court's prior order focused on the prejudice to plaintiff instead of the prejudice to other parties, that does not alter the detriment of intervention in this case. See R & G Mortg. Corp., 584 F.3d at 7 (indicating that a failure to establish all four requirements of Rule 24(a) "dooms" intervention from the start). Accordingly, nTech's motion for reconsideration will be denied.

### ORDER

For the foregoing reasons, the motion of nTech Connect, Inc., for reconsideration (Docket No. 42) is DENIED.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 17, 2025